# Jackson *v.* The State.

## *Murder.*

(Decided Feb. 19, 1911. Rehearing granted April 27, 1911.
55 South. 118.)

1. *Jury; Summoning and Empanelling.*—The order in this case relative to drawing and summoning the jury examined and held to sufficiently designate the proper jury to be summoned and served upon the accused, although it might have been more specific as to the regular jurors.

2. *Same; Special Venire.*—Where the court ordered 79 persons to constitute the special venire and drew forty names from the jury box and there was less than 39 regular jurors drawn and summoned for the week of the trial, the defendant did not get a venire consisting of the number fixed by the order of the court, and hence, was not tried by a legal venire (Section 32, Acts 1909, p. 305.)

[Jackson v. The State.]

3. *Same.*—Where the order of the court fixed the number of the jurors to try a capital felony at seventy-nine and the court proceeded to draw forty as a special venire, and there was less than thirty-nine jurors regularly drawn and summoned for the week of the trial, the venire did not constitute a legal venire, and the error was not cured by section 29, Acts 1909, p. 305, since said section does not provide what shall constitute a legal venire, but relates only to the manner of selecting, drawing and empaneling the jury.

4. *Statute; Amendments; Constitutional Requirements.*—The provision of section 45, as to amendment by reference to title only has no application to the amendment of statutes while upon their passage, but refers only to amendments to statutes already existing.

5. *Same; Journals.*—Section 64, Constitution 1901, does not require that an amendment to a statute on its passage be recorded upon the journal of both houses, it being sufficient that the journal of the house concurring in the amendment contained the names of the members voting for or against it, if the amendment appears on the journal of the house offering it.

6. *Same; Enactment; Reading.*—Under the provisions of section 66, Constitution 1901, it is not necessary that the journals show that a motion is made to dispense with the reading of the bill on its final passage; it is sufficient if the journal shows that the final reading was dispensed with by a two-thirds vote of a quorum present.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Elijah Jackson was convicted of murder and he appeals. Reversed and remanded.

E. S. THIGPEN, for appellant. Counsel insist that the new jury law is unconstitutional because not enacted in accordance with the provisions of section 45, 64 and 66, Constitution 1901. As to the 1st proposition he cites *State ex rel. Bragg v. Rogers,* 107 Ala. 444; *Bolling & Son v. Legrand,* 87 Ala. 492. As to the 2nd proposition, he cites *Bd. of Rev. v. Crowe,* 37 So. 473; *State ex rel. Brown v. Porter,* 40 So. 144; *State ex rel. Collman v. Pitts,* 49 So. 44. As to the last proposition he cites *Mitchell v. Gadsden,* 40 So. 350; *Uniontown v. State ex rel.,* 145 Ala. 471. He cites generally *Montgomery v. State,* 107 Ala. 372; *Lewis v. The State,* 123 Ala. 84; *Jackson v. The State,* 131 Ala. 31; *Jacobs v. The State,* 144 Ala. 98; *State ex rel. Skeggs,* 154 Ala. 249. If

[Jackson v. The State.]

the act was constitutional, then it is mandatory and the record must affirmatively show that the special venire was drawn as directed by it.—*Scott v. The State,* 141 Ala. 39; *Allen v. The State,* 145 Ala. 11. The order was not sufficiently specific.—*Peters v. The State,* 98 Ala. 38; *Nordan v. The State,* 39 So. 406. The record should affirmatively show that the defendant had the special venire ordered by the court as it cannot be waived.—*Kilgore v. The State,* 27 So. 4; *Bankhead v. The State,* 26 So. 979. The record affirmatively shows that the defendant did not get the venire to which he was entitled under the order of the court, and hence, he was not tried by a legal venire.

ROBERT C. BRICKELL, Attorney General, for the State.

ANDERSON, J.—Section 32 of the jury law (Acts Special Session, p. 319) provides that the court shall make an order for juries to try capital felonies, "commanding the sheriff to summon not less than fifty nor more than one hundred persons including those drawn and summoned on the regular juries for the week set for the trial of the case and shall then in open court draw from the jury box the number of names required with the regular jurors drawn and summoned for the week set for the trial to make the number named in the order to be issued to the sheriff to summon all persons therein named to appear in court," etc. The order directed the sheriff to summon 79 persons, including the regular jurors for the present week of court. The order would have been better and more specific had it said "regular jurors drawn and summoned for said week," instead of the "regular jurors for the present week," as the regular jurors for said week might include persons not drawn and summoned, and might exclude some

who were drawn and summoned, but not impaneled; but the order further proceeds and specifies the jury to try the defendant, and who are to be included in the copy served on the defendant, as being the 40 persons specially drawn, and the regular jurors "drawn and summoned for the week," and which, we think, removes any uncertainty in the former part of the order, and sufficiently designates the proper jury to be summoned by the sheriff, and the names to be served upon the defendant.

Counsel for the appellant attacks the new jury law because violative of sections 45, 64, and 66 of the Constitution. Section 45 has no application to amendments to bills upon their passage, but applies to laws existing when the bill is passed and becomes a law. In other words, that enacted laws shall not amend, repeal, etc., existing laws, except in a certain way; but section 45 has no application to amendments offered to bills upon their passage and during the consideration of same by the Legislature.

The amendments offered in the House were sufficiently set out, and the journal shows that the vote was properly taken on said amendments. Nor did the amendment offered and adopted by the Senate have to appear in the House Journal. This court properly held, in the case of *State ex rel, Brown v. Porter*, 145 Ala. 541, 40 South. 144, that section 64 of the Constitution was complied with, if the amendment appeared on the journal of the body of the Legislature which offers same, and did not have to be entered upon the journal of both houses, and that the journal of the concurring house need only contain the names of the members voting for and against same. The amendment offered by Senator Reese appears in full in the Senate Journal (pages 602-604).

Appellant's counsel concedes that section 66 of the Constitution was complied with, if the case of *Jacobs v. State,* 144 Ala. 98, 40 South. 572, is sound, and that the journal in the instant case, as to dispensing with the reading of the bill at length by a two-thirds vote of the House, is sufficient under said case, but questions its soundness. We are not disposed to depart from the holding in the *Jacobs Case, supra,* and do not think it was necessary for the journal to show that a motion was made to dispense with the reading, as the journal is sufficient, when it sets out that the reading was dispensed with by two-thirds vote, and the record shows that a quorum was present.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ. concur.

## On Rehearing.

ANDERSON, J.—Section 32 of the jury law (Special Acts 1909, p. 319) says: "Whenever any person or persons stand indicted for a capital felony, the court must on the first day of the term, or as soon thereafter as practicable, make an order commanding the sheriff to summon not less than fifty nor more than one hundred persons, including those drawn and summoned on the regular juries for the week set for the trial of the cause, and shall then in open court draw from the jury box the number of names required with the regular jurors drawn and summoned for the week set for the trial to make the number named in the order," etc. The trial court designated 79 persons as constituting the venire to try this case, and proceeded to draw 40 names from the jury box, leaving a shortage of 39 to be cov-

[Jackson v. The State.]

ered by the regular jurors drawn and summoned for the week, and the record shows that less than 39 persons were drawn and summoned for the week. The result is the defendant did not get the venire fixed by the order of court and contemplated by law, for under the order of the court the venire was to consist of 79 persons, and only 40 persons having been drawn by the court, and 39 not having been drawn and summoned on the regular juries for the week, the venire did not comprise the number fixed by the order of the court.

The defendant not having been tried by the venire to which he was, under the law, entitled, the case must be reversed; and the error was not cured by section 29 of the act, as it has no application as to what constitutes a legal venire, but relates to the manner of selecting, drawing, and impaneling juries.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., who concurred in the original opinion, was unavoidably absent upon the consideration of this rehearing, but the point covered in the opinion on rehearing was not decided in the original opinion, and the opinion on rehearing is concurred in by MAYFIELD, SAYRE, and SOMERVILLE, JJ.