# Harris *v.* The State.

## *Robbery.*

(Decided May 18, 1911.   55 South. 609.)

*Jury; Special Venire; Summoning.*—Where the order of the court for the special venire fixed the number at 90 and directed that it be composed of the 60 jurors drawn for the week and 30 jurors specially drawn by the court, the order was erroneous in not directing that the venire be composed of the regular jurors drawn and summoned for the week of the trial and the drawing of enough special jurors to make up the number fixed by the order; hence the order was erroneous and the venire illegal as it did not appear that the 60 regular jurors had been drawn and summoned.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Will Harris was convicted of robbery, and he appeals. Reversed and remanded.

No counsel marked for appellant.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

ANDERSON, J.—Section 32 of the jury law (Acts Special Session 1909, p. 317), provides that, "whenever any person or persons stand indicted for a capital felony, the court must on the first day of the term, or as soon as practicable thereafter, make an order commanding the sheriff to summon not less than fifty nor more than one hundred persons including those drawn and summoned on the regular juries for the week set for the trial of the case, and shall then in open court draw from the jury box the number of names required with the regular jurors drawn and summoned for the week set for the trial to make the number named in the

order." Said section also contemplates that the sheriff shall serve the defendant with a copy of the indictment and a list of all jurors "summoned" for the week of which the trial is set, as well as those specially drawn. The order of the court, in the instant case, is defective and does not comply with the statute. The number named in the order is fixed at 90 persons, to be composed of 60 drawn for the week and 30 specially drawn by the court, when the number fixed should include only the regular jurors drawn and "summoned" for the week, and the judge should have drawn a sufficient number from the jury box, which, when added to those regular jurors drawn and "summoned," would equal the number fixed in the order. It might be that, if the record showed that all regular jurors who had been drawn were summoned, the erroneous order of the court would be cured, if it also appeared that the number drawn by the court and the regular jurors drawn and summoned for the week equaled the total number fixed by the court; but this does not appear, and the record fails to disclose that the defendant was tried by a legal venire.—*Elijah Jackson v. State,* 171 Ala. 38, 55 South. 118. We fully appreciate the almost impossibility of a compliance with the jury law, by the trial courts, when cases are set and the number of jurors are fixed before the sheriff returns the summons for the regular jurors for the week for which the case was set; but we must construe the law as it is, and not as it should be. There could be little difficulty, if section 32 did not require the court to definitely fix the total number, or if it required the total number to be composed of the jurors *drawn* for the week, instead of those *drawn and summoned*, together with the number to be specially drawn —a defect brought to the attention of several members of the present Legislature, by the writer, but which

[Henderson v. The State.]

was not remedied. We can only suggest to trial courts that the only way to insure a compliance with the statute, as to fixing the venire and drawing the special jurors, is not to attempt to do so until the sheriff has made his return to the summons for the regular jurors for the week for which it is proposed to set the capital case for hearing. This may cause some delay and inconvenience; but the law can, in this way, be met, and vigilance on the part of the sheriff in serving and returning the summons for regular jurors will put the trial court in a position to set capital cases and order and draw the jurors a sufficient time in advance of the trial to give the sheriff time enough to summon the special jurors and the witnesses in the case.

The judgment of the criminal court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.