# Bailey *v*. The State.

### *Carnal Knowledge of Female Under Twelve Years.*

(Decided May 18th, 1911; Rehearing denied June 8th, 1911.
55 South. 601.)

1. *Jury; Grand Jury; Special Grand Jury; Power of Court.*— Under sections 7257 and 7258 Code 1907, the trial court may, for any irregularities or illegality in the venire, quash it, and direct the summoning of another grand jury in its stead; but in the absence of any cause the court may not in its arbitrary discretion quash the regular venire, but where any cause exists the court may quash the venire and a venire drawn by the sheriff as directed by the court is properly drawn, and the grand jury a lawful body.

2. *Indictment and Information; Quashing; Illegal Grand Jury; Statutory Powers.*—The provisions of section 7572 Code 1907, assume that a lawful occasion is shown for the summoning of a special grand jury as authorized by section 7258 Code 1907, and where the trial court has regularly ascertained the existence of such occasion, the minute entry is conclusive of that fact, and no motion to quash the indictment or plea in abatement is available.

3. *Same; Sufficiency.*—An indictment alleging in Code form the offense denounced by section 7699 Code 1907, is good against demurrer.

4. *Appeal and Error; Harmless Error; Pleadings.*—Where a plea should have been stricken from the file on motion, it is harmless error to sustain the demurrer thereto.

5. *Jury; Summoning; Special Venire; Orders.*—Where the court ordered a special venire to consist of 80 names, to be composed of the 50 jurors drawn and summoned for the week, and thirty jurors to be specially drawn, but only 48 of the regular jurors were drawn and summoned, and the special venire served on the defendant consisted of only 78, the venire was illegal, and that although the motion to quash the venire was properly overruled under section 29 Acts 1909, page 317, yet the error in the order was such as the court on appeal will notice though not otherwise formally objected to on the trial.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WM. E. FORT.

William Moseley Bailey was convicted of the offense denounced by Section 7699, Code 1907, and he appeals. Reversed and remanded.

ALLEN & BELL, for appellant. The court was in error in quashing the venire and in ordering a new grand jury, and the grand jury thus organized, was illegal.— Section 7257, Code 1907; *Andrews v. State,* 159 Ala. 14; *O'Brien v. State,* 51 Ala. 25; *Fryer v. State,* 146 Ala. 7; *Trammell v. State,* 151 Ala. 18. The court put upon the defendant an illegal special venire and should have quashed the same.—Section 32, Acts 1909, page 318; *Washington v. State,* 81 Ala. 37; *Dotson v. State,* 88 Ala. 211; *Lomineck v. State,* 31 South. 676; *Howard v. State,* 160 Ala. 6. Counsel discuss the evidence and the refused charges, and cite authority in support of their contention, but in view of the opinion it is not deemed necessary to here set them out.

ROBERT C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The action of the court in quashing the venire and summoning a new grand jury was in strict accordance with the provisions of section 7257, Code 1907, and it cannot be contended that this second grand jury was not drawn by the officers designated by law.—*Hester v. State,* 103 Ala. 83; *Wilkins v. State,* 112 Ala. 55; *Griffin v. State,* 165 Ala. 29. The indictment was in the form prescribed by the Code and was therefore sufficient. It is insisted that the motion to quash the venire does not present the point that the order or the venire was illegal and hence it is insisted that that matter is not here presented for review.

SOMERVILLE, J.—The defendant was tried and convicted on an indictment for carnal knowledge of a girl under 12 years of age. The indictment was found at the April term, 1909, of the criminal court of Jefferson county. The record shows that the jury commis-

sioners deposited with the clerk of the court a list of 21 names drawn to serve as grand jurors at the April term beginning April 5th; that the clerk issued a summons for them on March 8, 1909; and that on April 3d the sheriff returned the writ with his indorsement showing that all of the venire named had been duly summoned. On April 5, 1909, the return day of the summons, the solicitor appeared in open court and moved the court to quash this venire on the grounds that the names of the persons appearing on the venire had not been drawn according to law; that said jurors were not drawn in the presence of the officers designated by law; and that said jurors were selected contrary to law by the jury commissioners of said county. The court proceeded to hear and determine the motion, and found, as shown by the judgment entry, that the names constituting the venire "were not drawn according to law, but were selected contrary to law, in this, that said jury commissioners drew from said jury box slips containing the names of, to wit, about 40 persons, and thereafter from said 40 names selected 21 persons whose names appear in the venire directed to the sheriff of said county to appear and serve as grand jurors on the 5th day of April, 1909." The order and judgment of the court was: "That said venire for said grand jury be and the same is hereby quashed, and the persons summoned thereunder are hereby discharged from further attendance upon court. Whereupon the court proceeded according to law to draw from the regular box the names of 18 persons qualified to serve as grand jurors and the sheriff was thereupon ordered forthwith to summon said 18 persons so drawn by the court to appear and serve as such grand jurors on, to wit, the 12th day of April, 1909."

The indictment in question was found by this grand jury, and the objection to it, as presented by the defendant's motion to quash and the several pleas in abatement, is that it was an illegal grand jury, not authorized by law, as a result of which the indictment was void. The argument in this behalf is founded on the decision of this court in *O'Byrnes v. State,* 51 Ala. 25, wherein it was said, per Brickell, J.: "It is obvious that it is indispensable to the constitution of a grand jury (unless the particular case in which the court is empowered to form or originate a jury exists) that it shall be drawn by the officers having exclusive authority to draw it. When they have exercised the power, the power itself is exhausted. Their action is final, and not subject to the supervision or control of the court. The power of the court to form or originate a jury cannot arise when they have drawn the jury and it has been summoned."

The report of that case shows that the trial judge quashed the venire of his own motion because two or three persons whose names appeared therein were deemed unfit or ineligible by reason of a certain fact recited in the order. It will be observed that there was no irregularity nor illegality of any sort in the drawing or summoning of the venire; that the objection to the "two or three" persons was but fanciful; and that the action of the court in quashing the venire was without cause, and therefore arbitrary and unwarranted by law. The grand jury organized by the court from the venire which it had arbitrarily substituted for the one provided by law, was denounced by this court as an illegal body, and their action wholly void; and the indictment was therefore quashed.

This ruling was undoubtedly correct, but its effect has been modified by section 4999 of the Code of 1896,

now operative as section 7258 of the Code of 1907, which provides that: "If, for any cause, a challenge to the array or a motion to quash the venire is sustained, the court may order the summoning of a grand or petit jury or both, as provided in the preceding section." Under the preceding section "the court may, by an order entered on the minutes, direct the sheriff forthwith to summon eighteen persons qualified to serve as grand jurors;  *  *  *  the court may supply any deficiency, as in other cases, and a jury thus organized is in all respects legal."

There can be no doubt but that section 7258 was intended to qualify the restrictions announced in the *O'Byrnes Case,* so as to permit the trial court for any irregularity or illegality in the venire to quash it and summon another in its stead.   See the remarks of Stone, C. J., in *Murphy v. State,* 86 Ala. 46, 47, 5 South. 432. We, of course, do not mean to say that occasion for such special grand jury can be lawfully created by the trial court at its arbitrary discretion, where there is no *cause* for quashing the regular venire; and, where there is no cause, and hence no occasion for a substituted venire, a grand jury organized therefrom must be deemed illegal within the principle of the *O'Byrnes Case,* which were approved in the recent case of *Fryer v. State,* 146 Ala. 4, 41 South. 172, holding that a grand jury cannot be organized otherwise than by statutory warrant.

But where the cause exists, as here appears, the warrant of the statute does intervene; and it results that the venire from which was organized the grand jury that found this indictment was properly drawn, the grand jury was a lawfully constituted body, and the indictment was not subject to attack on the grounds presented by the motion to quash and the pleas in abatement.

Under section 7572, Code of 1907, the only objection allowed to an indictment on account of illegalities in the grand jury is that the jurors were not drawn in the presence of the officers designated by law; "and neither this objection nor any other can be taken to the formation of a special grand jury summoned by the direction of the court." This of course assumes that a lawful occasion is shown by the record for the creation of a special jury, and when, as here, the trial court has regularly ascertained and determined the existence of such occasion, the minute entry is conclusive of that fact, and no motion or plea in abatement is available.

The defendant's pleas in abatement would have been stricken from the file on motion of the solicitor; hence there could be no prejudicial error in sustaining the state's demurrers thereto.

The indictment is in the form authorized by the Code, and is not subject to demurrer.

The order of the trial court fixed the number of the special venire at 80, including those drawn and summoned on the regular juries for the week. Fifty were drawn and only 48 were summoned, which, with the 30 additional names drawn by the court, gave the defendant a venire of only 78. The order of the court was therefore in itself erroneous under the decision of this court in *Jackson v. State,* 171 Ala. 38, 55 South. 118; the material facts in the two cases being identical.

While the defendant's motion to quash the venire was properly overruled under section 23 of the jury act (Sp. Laws 1909, p. 317), the erroneous order of the court was prejudicial error which we are bound to notice, although it was not otherwise formally objected to in the court below.

The case of *Thomas v. State,* 94 Ala. 74, 10 South. 432, holding that objections to a capital venire are

waived unless raised at the trial, was decided under the former jury law, and has no bearing on the mandatory provision of the present law with respect to the court's order fixing the number of the venire.

For this error the judgment must be reversed.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.