# McGuire *v.* The State.

### *Assault With a Weapon.*

(Decided Dec. 21, 1911. Rehearing denied Feb. 22, 1912.
58 South. 60.)

1. *Trial; Reception of Evidence; Offer.*—The refusal to allow a statement to be made before the jury as to what the defendant expected the answer to a question calling for a self serving declaration to be, was proper.

2. *Evidence; Self Serving Declarations.*—Where the charge was an assault, the declaration of the defendant made in response to a statement of his brother that the assaulted party had no hard feeling over a previous difficulty, and wished to see the defendant, though made only a short time before the defendant called on the assaulted party, were inadmissible because self-serving declarations constituting no part of the res gestae.

3. *Witnesses; Impeachment; Reputation.*—Where the defendant has testified in his own favor, proof of his general character or reputation becomes admissible.

4. *Same.*—Reputation is the estimation in which others hold one, and can be made known or communicated only by some expression; usually oral statements; hence, a witness although not acquainted with a person, may testify as to such person's general character or reputation, where such testimony is based on what such person's acquaintances have said regarding him.

5. *Trial; Sentence.*—Under section 6306, and 7627, the trial court may add a sentence of imprisonment to the fine assessed by the jury on a conviction of assault.

6. *Appeal and Error; Harmless Error; Exclusion of Evidence.*—Where a witness had without objection testified to certain declarations of accused, the exclusion of further testimony by another witness as to such declaration is harmless under section 6264, Code 1907.

[McGuire v. The State.]

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. A. H. ALSTON.

Ernest McGuire was convicted of an assault with a weapon and he appeals. Affirmed.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. It was competent to prove the message from Hardaman to the defendant by Layno McGuire and Davis which they delivered to the defendant, and what the defendant said at that time was part of the res gestae of that competent fact and was therefore competent.—*Williams vs. State*, 105 Ala. 97; *Campbell vs. State*, 133 Ala. 81. What McGuire said when he started on the journey to Hardaman's where the difficulty occurred, is res gestae evidence and may be proven. —*Kilgore vs. Stanley*, 90 Ala. 523; *Pitts vs. Burroughs*, 6 Ala. 735; *Olds vs. Powell*, 7 Ala. 652; *Autauga County vs. Davis*, 32 Ala. 73; *Martin vs. State*, 77 Ala. 1; *Green vs. State*, 96 Ala. 24-29; 1 Greenleaf on Evidence, 108. When the question as to who brought on the difficulty is a controverted question of fact, evidence showing the circumstances under which the defendant went to the place of the difficulty and the reason assigned by the defendant for his going to the place of the difficulty are competent. —*Tesney vs. State*, 77 Ala. 33.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The question propounded to the witness Davis and objected to by the state, was evidently for the purpose of showing some self-serving declaration, and the objection was therefore properly sustained.—*Spivey v. State*, 26 Ala. 90, 103; *Taylor v. State*, 42 Ala. 529, 539; *Stewart v. State*, 63 Ala. 199; *Bonham v. State*, 65 Ala. 456, 458; *Billingslea v. The State*, 68 Ala. 486, 492; *Wil-*

*liams v. The State,* 105 Ala. 96; *Ferguson v. State,* 134 Ala. 63, 70. The objection to the character testimony deposed to by the witness Meacham was properly over-ruled.—*Ward v. State,* 28 Ala. 53, 60; *Birmingham R. Co. v. Hale,* 90 Ala. 811; *McInerny v. Irvin,* 90 Ala. 275; *Mitchell v. State,* 94 Ala. 68, 73; *Jones v. State,* 96 Ala. 102, 105; *McDaniel v. State,* 97 Ala. 14, 16; *Fountain v. State,* 98 Ala. 40, 45. It was not error for the court to add imprisonment in the county jail as an additional punishment.—Code Section 6306; *Walker v. State,* 73 Ala. 17; *Smith v. The State,* 123 Ala. 64, 68.

PELHAM, J.—The defendant was tried on an indictment charging an assault with a weapon, the jury returned a verdict of guilty, and placed the fine at $100, and the court imposed an additional punishment of 30 days imprisonment in the county jail.

The exceptions reserved on the trial to the court's ruling on the evidence are without merit. The question propounded to the witness Davis manifestly called for a hearsay, self-serving declaration of the defendant, and the court properly sustained an objection to the question, and refused to allow a statement made before the jury as to what defendant expected the answer to be. At most, the matter called for could be no more than an exculpatory declaration of the defendant that was no part of the res gestae.—*Williams v. State,* 105 Ala. 96, 17 South. 86; *Fergeson v. State,* 134 Ala. 63, 70, 32 South. 760, 92 Am. St. Rep. 17.

The defendant had been examined as a witness in his own behalf, and proof of his general character was admissible.—*Mitchell v. State,* 148 Ala. 618, 42 South. 1014; *Ross v. State,* 139 Ala. 144, 36 South. 718; *Fields v. State,* 121 Ala. 16, 25 South. 726; *Yarbrough v. State,* 105 Ala. 43, 16 South. 758; *Jones v. State,* 96

[McGuire v. The State.]

Ala. 102, 11 South. 399; *Byers v. State,* 105 Ala. 31, 16 South. 716; *Mitchell v. State,* 94 Ala. 68, 10 South. 518.

It was not improper to allow the witness McKinnon to testify to the character of the defendant formed or based on an estimate of how he was regarded or the esteem in which he was held by others who knew him. The witness could form an estimate by what he heard others say, without having a personal acquaintance, and that his knowledge of the reputation of defendant was limited to what others had communicated by some expression ("what they said") does not make the question objectionable. Reputation is the estimate in which others hold one, and this can only be made known or communicated by some expression—generally "what they say." There was sufficient evidence to authorize a conviction, and the general charge requested in behalf of defendant was properly refused.

The imposition of an additional punishment by the court of 30 days imprisonment in the county jail was without error.—Code 1907, §§ 6306, 7627; *Reid v. State,* 53 Ala. 402, 25 Am. Rep. 627; *McPherson v. State,* 54 Ala. 221; *Bibb v. State,* 84 Ala. 13, 4 South. 275; *Taylor v. State,* 114 Ala. 20, 21 South. 947; *Martin v. State,* 125 Ala. 64, 28 South. 92.

No error being shown by the record, the case will be affirmed.

Affirmed.

## On Application for Rehearing.

In his application for a rehearing, appellant's counsel directs the attention of the court to the question asked the defendant's witness Davis, to which the court sustained an objection, seeking to prove by the witness what the defendant said in the presence of the witness and his (defendant's) brother, when the brother, Layno

McGuire, informed the defendant what the assaulted party, Hardeman, had said in reference to the defendant's coming to see him for the purpose of making friends, and having no hard feelings over a previous difficulty they had engaged in that day. Counsel take the position in the application for a rehearing that this declaration is not a mere self-serving declaration made by the defendant, but that the statement of the defendant made in reply to his brother in the presence of the witness Davis is a declaration shown to have been made at a time just prior to going to the place where Hardeman was and where the difficulty took place, and was explanatory of the object and purpose the defendant had in view in going to that particular place; that the defendant's statement was a declaration accompanying and characterizing the act of his going to the place of the difficulty and formed a part of the res gestae of the act of going as explanatory thereof.

Conceding that the declaration of the accused was admissible as explanatory of the act of his leaving and going to the place of the difficulty, and formed a part of the res gestae of that matter, the defendant's brother to whom the statement was made in the presence of the witness David had previously been examined as a witness for the defendant, and had testified without objection to having told the defendant what Hardeman had said and what the defendant said upon being informed of Hardeman's request, and how he (defendant) appeared not to be mad when he went off in the direction of Hardeman's, where the difficulty occurred. This evidence was before the jury without conflict, and Davis' testimony could only have been cumulative of the undisputed and uncontradicted testimony of defendant's witness Layno McGuire. "Waiving any further consideration of the supposed error in the exclusion of this

evidence, we are satisfied, if any error occurred, no injury resulted therefrom to the defendant.—Code of 1896, § 4333" (pesent Code 1907, § 6264).—*Murphy v. State*, 118 Ala. 137, 23 South. 719. It is manifest that the defendant sought to show by the evidence to which the court sustained objections that, when the defendant left home to go to Hardeman's, he was not angry, but went on a friendly mission, and, as evidence of this fact was already before the jury and undisputed, no prejudice resulted to the defendant on account of the court's refusal to permit another witness to testify to the same undisputed matter; and the court's action in that regard, if error, is such error as defined by section 6264 of the Code of 1907, and hence harmless. See *Murphy v. State, supra; Crain v. State,* 166 Ala. 1, 52 South. 31; *Phillips v. State,* 162 Ala. 14, 50 South. 194; *Morris v. State,* 39 South. 608, 611.

The defendant discusses an exception reserved to the oral charge of the court in his application, but no exception to the oral charge is shown by the record, nor is any portion of the oral charge set out.

Application for rehearing denied.