# Johnson v. The State.

## Murder.

(Decided Jan. 12, 1912.  57 South. 593.)

1. *Jury; Number; Venire.*—Acts 1909, p. 317, Sec. 32, is mandatory, and where one is indicted for a capital felony, and seasonably objects to the venire because of the failure of the court to make the statutory order, he is entitled to have the venire quashed.

2. *Homicide; Instruction; Self Defense.*—A charge asserting that to justify the killing of a person in self defense the law says that certain things must be proven by all the evidence in the case to the satisfaction of the jury, is erroneous.

3. *Charge of Court; Reasonable Doubt.*—A charge asserting that if there is a probability of defendant's innocence he should be acquitted, is a correct statement of the law, and its refusal error.

APPEAL from Winston Circuit Court.

Heard before Hon. TRAVIS WILLIAMS, Special Judge.

Lúther Johnson was convicted of murder in the second degree and he appeals. Reversed and remanded.

The part of the oral charge referred to in the opinion is as follows: "In order to justify the killing of a human being under self-defense, the law says that certain things must be proven to you by all the evidence in the case to your satisfaction." The following is charge 22: "I charge you that, if there is a probability of the defendant's innocence, you must acquit him."

JAMES J. RAY, for appellant. The court failed to comply with the requirements of the jury law, and the defendant was entitled to have the venire quashed.—Section 32, Acts 1909, p. 305; *Bailey v. The State,* 55 South. 601; *Harris v. The State,* 55 South 609; *Jackson v. The State,* 55 South. 118. The court's oral charge as to the self-defense was erroneous.—*Henson's case,* 112 Ala. 49; *Dent's case,* 105 Ala. 14; *Whitton's case,* 115 Ala. 72. Counsel discusses other charges refeused with citation of authority, but in view of the opinion it is not deemed necessary to here set them out.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court properly denied the motion to quash.—Section 23, Acts 1909, p. 305. The court's charge as to self-defense was correct.—*Green v. The State,* 143 Ala. 2; *Howard v. The State,* 110 Ala. 82; *Cleveland v. The State,* 86 Ala. 1. Charge 22 was properly refused.—*Saunders v. Davis,* 153 Ala. 375; *Daney v. The State,* 141 Ala. 72; *Croft v. The State,* 95 Ala. 3.

PELHAM, J.—The defendant was indicted and tried for murder in the first degree and convicted of murder in the second degree.

[Johnson v. The State.]

The fatal difficulty occurred at an entertainment or "party" of a public nature, given at the home of one Rowe, which was attended by the two daughters of the deceased. The defendant started to accompany the daughters of deceased from the place of entertainment to their home, when a difficulty arose between the father and the defendant, resulting in the fatal shooting of the former by the latter. While there is no positive evidence showing that the defendant was responsible for the daughters of the deceased going to the entertainment or dance in opposition to his wishes, it is manifest that the father held such a belief, and the difficulty started by the father's offering objection to the defendant accompanying his daughters, or one of them, home from the dance. The evidence is in conflict as to practically all of the principal particulars relating to the difficulty resulting in the killing. The evidence of the state tends in general to show that, upon the father peaceably and quietly protesting against the defendant's escorting his daughter home, the defendant persisted, and almost immediately, and without provocation, assaulted the father by shooting him with a pistol three times, inflicting a fatal wound from which death ensued in a few minutes. The evidence for the defense was to the effect that the deceased accused the defendant of surreptitiously taking his daughters, or being the cause of their going, to the dance, applied a vile epithet to defendant, and attacked him with a knife, backing him up against a fence, whereupon the defendant, in self-defense, shot the deceased.

The defendant being tried on an indictment charging murder in the first degree, it was necessary that the provisions of the jury law (Acts 1909, pp. 305, 317-319, § 32), applicable to a person on trial for a capital felony, be complied with. No order is shown as required by the provisions of section 32. The record recital is that, * * *

· 4 CA

drew from said box the names of 65 persons to consti-
tute a special venire for the trial of this cause." But
the order provided for by section 32 that the court must
make, fixing the number of jurors, is not shown to have
been made; and the provisions of this statute having
been held by the Supreme Court to be mandatory *(Har-
ris' case,* 172 Ala. 413, 55 South. 609; *Jackson's case,*
171 Ala. 38, 55 South. 118, 120; *Bailey's case,* 172 Ala.
418, 55 South. 601), and the objection of the defendant
having been seasonably interposed, the court's action in
overruling the objection made to the venire by the de-
fendant is, under the rulings of the Supreme Court in
the cases above cited, error for which the case must be
reversed.

Whether or not the court sufficiently inquired into
the qualifications of the veniremen who appeared to sat-
isfy the requirements of the statute, as against the spe-
cific objections made by the defendant, is questionable;
but it is unnecessary to discuss the question, or the var-
ious rulings on the evidence and other objections arising
on the trial, as the case must be reversed for the court's
error in failing to make the mandatory order required
by the statute, definitely fixing the number of jurors;
and, the case having been tried by a special judge, the
same questions are not likely to occur on another trial.

That part of the oral charge excepted to, in which the
court charged the jury that, "under self-defense, the law
says certain things must be proven to you by all the evi-
dence in the case to your satisfaction," is clearly erron-
eous.

Written charge No. 22, requested by the defendant
and refused by the court, is the same charge that, to
refuse, has been repeatedly held to be reversible error.
These cases are collected and cited approvingly in the
recent case of *Adams v. State,* 175 Ala., 57 South. 591.

[Harris v. The State.]

Some of the other refused charges are mere copies of charges that have been considered and passed upon by the Supreme Court and approved; but we do not deem that a further discussion of the case would serve any beneficial purpose, and it is unnecessary, as the errors pointed out necessarily require an order of reversal.

Reversed and remanded.