[Linggold v. The State.]

# Linggold *v.* The State.

## *Murder.*

(Decided May 14, 1913.   65 South. 304.)

1. *Jury; Special Venire; Statutory Provision.*—The purpose and spirit of the law is that the determination of the number of persons to constitute the venire to try a defendant charged with a capital felony is a judicial function to be discharged by the court, and is not to be determined by the clerk or sheriff, or by accident or chance, and cannot be discharged until the venire has been returned in order that it may be known how many of the regular jurors have been summoned.  Hence, the proceedings in this case are held to have been violative of the spirit and purpose of the law, and prejudicial to defendant.

2. *Same.*—The provisions of the jury law relative to summoning a special venire for the trial of capital felonies are mandatory, and when not substantially complied with require that the venire should be quashed on motion.

APPEAL from Covington Circuit Court.

Heard before Hon. A. H. ALSTON.

John Linggold, Jr., alias, etc., was convicted of murder in the second degree and he appeals.   Reversed and remanded.

HENRY OPP, W. L. PARKS, and POWELL & ALBRITTON, for appellant.   The motion to quash the venire should have been sustained.—Acts 1909, p. 318.   Counsel discuss other matters assigned, but without further citation of authority.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.   The defendant had the benefit of seventy-three jurors from which to select a jury, and the action of the court was a substantial compliance with section 32 of the jury law. —*Jackson v. State,* 171 Ala. 38; *Johnson v. State,* 5

Ala. App. 43; *Rudolph v. State,* 172 Ala. 380. Counsel discuss other matters assigned, but without citation of authority.

THOMAS, J.—Section 32 of the Jury Law (Acts Sp. Sess. 1909, p. 317) provides:

"Whenever any person or persons stand indicted for a capital felony, the court must on the first day of the term, or as soon as practicable thereafter, make an order commanding the sheriff to summon not less than 50 nor more than 100 persons including those drawn and summoned on the regular juries for the week set for the trial of the case, and shall then in open court draw from the jury box the number of names required with the regular jurors drawn and summoned for the week set for the trial to make the number named in the order," etc.

In the present case the defendant was indicted for murder in the first degree, and was arraigned in open court on Tuesday, June 24, 1913, and his trial was then set for Thursday, July 3, 1913, and an order made that the sheriff summon 35 special jurors whose names were then drawn from the jury box. At the time of this arraignment, order, and drawing, the regular jury, consisting of 40 persons, drawn for the week set for the trial, had not been summoned, nor had the venire therefor been returned. On June 28, 1913, four days, it will be observed, after the special jury mentioned was drawn, the sheriff executed and returned to the clerk the venire of regular jurors, showing 38 of them served, whereupon the clerk then completed the unfinished order of the court by inserting in the blank left in the order the number of persons which were to constitute the venire to try defendant's case, fixing the number at 73, consisting of the 35 special jurors so

previously drawn by the court on June 24, 1913, the day of defendant's arraignment, and the 38 regular jurors so returned by the sheriff on June 28, 1913, as having been served. This procedure is certainly in violation of the terms, and, we think, in violation of the purpose and the spirit of those provisions of the jury law which we have hereinbefore quoted. That law imposes upon the court the duty of fixing the number of persons which are to constitute the venire to try defendant's case, clothing it with a discretion to be exercised to that end within certain named limits, whereby it cannot make the number it determines upon less than 50 nor more than 100, but within these limits the matter of the number is to be determined by the court, not by the clerk, not by the sheriff, and not by accident or chance. It is a judicial function, not a ministerial one, and the duty is to be discharged and the discretion to be exercised by the court, by its entering an order fixing the number of jurors to which defendant is decided to be entitled; and this order is to be executed by the court, by its drawing such a number of special jurors as, when added to the number of regular jurors drawn and summoned for the week, will be sufficient to make up the number that is fixed by and in such order. Here there was no order of court fixing the number, and, even if there had been, it was not and could not have been executed by the court, who, alone by the mandates of the statute, should execute it, because the court proceeded to draw the special jurors before there had been any return to the venire of regular jurors, and consequently before the court knew or could know what or how many of the regular jurors drawn would be summoned. Hence the court could not possibly know how many special jurors to draw in

order to complete the number fixed for defendant's venire, if it had fixed the number.

The result is that the court failed, we think, to either exercise or execute the discretion required of it by law, but by its action here left it entirely to chance and to future contingencies as to how many persons were to constitute the venire to try defendant. It, as seen, drew 35 special jurors, which, with those of the regular jurors that the sheriff might thereafter summon, were to constitute such venire to try defendant. Consequently, if the sheriff should summon all 40 of the regular jurors drawn, then defendant's venire was to consist of 75 persons, and, if the sheriff should summon 15, then defendant's venire was to consist of 50 persons (the minimum allowed by the statute), but if the sheriff should summon only 10, then defendant's venire was to consist of only 45 persons, which is less than the minimum allowed by the statute. Both the terms and the policy of the law forbid that the matter of determining the number of defendant's venire be left either to chance or to the sheriff. The statute imposes this duty on the court. It is a mandatory statute, and its terms must be substantially complied with, which, we are of opinion, upon the grounds stated, was not done in this case. The court cannot, in the very nature of things, comply with the statute in drawing special jurors until the regular jurors for the week of defendant's trial have been summoned. Until then it has no basis or predicate upon which to act in drawing such special jurors.—*Harris v. State,* 172 Ala. 414, 55 South. 609; *Johnson v. State,* 4 Ala. App. 50, 57 South. 593; *Jackson v. State,* 171 Ala. 42, 55 South. 118; *Andrews v. State,* 174 Ala. 16, 56 South. 998; *Bailey v. State,* 172 Ala. 423, 55 South. 601; *Johnson v. State,* 5 Ala. App. 43, 59 South. 708; *Fowler v. State,* 8 Ala App

168, 63 South. 40; *Gibbs v. State,* 7 Ala. App. 30, 60 South. 999; *Clarke v. State,* 3 Ala. App. 5, 57 South. 1024, and cases there cited; *Hale v. State,* 64 South. 530; *Costello v. State,* 176 Ala. 1, 58 South. 202.

It follows that the court was in error in refusing to quash defendant's venire, for which error the judgment is reversed. The other question presented, as to the sufficiency, in point of time, of the service of the venire upon defendant by the sheriff, is not likely to arise on another trial, and need not be considered.

Reversed and remanded.