# Waldrop v. The State.

## *Murder.*

(Decided June 30, 1913. Rehearing denied December 18, 1913.
64 South. 80.)

1. *Jury; Special Venire.*—The provisions of Acts 1909, p. 319, requiring trial courts in capital cases to fix the number of the special venire is mandatory, and defendant is entitled to have the benefit of the number so fixed from which to select a jury.

2. *Same; Selection; Statutes.*—Where the minutes of the court recited that the court drew fifty names, making with those of the regular jurors 78 jurors from which the jury should be selected, and

[Waldrop v. The State.]

that the sheriff should summons the fifty persons so drawn, etc., a sufficient compliance was shown as to the provisions of section 32, Acts 1909, p. 319.

3. *Same; Summoning; Waiver.*—In view of the provisions of section 29, Acts 1909, p. •319, the failure of defendant to object, before trial was begun, that the regular jurors were not ordered to be specially summoned as a part of the special venire was a waiver of any irregularity, if such occurred.

4. *Homicide; Evidence.*—Where defendant was prosecuted for killing his wife, it was competent to show that he and his wife were living apart as illustrating defendant's sentiments toward her, and a probable motive for injuring her.

5. *Same; Defenses; Intoxication.*—A charge that in order to reduce the offense of murder in the first degree to a lower degree, it is not essential that defendant should have been intoxicated to such a degree as to be unconscious of his acts, is properly refused.

6. *Same.*—Partial intoxication will not avail to disprove a specific intent in a prosecution for homicide; it must be of such a character and extent as to render defendant incapable of consciousness that he is committing a crime.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Alexander Waldrop was convicted of killing his wife and given the death penalty, and he appeals. Affirmed.

The minutes of the court show the following: Comes the state by its solicitor, and defendant in his own proper person and by attorney, and said defendant being duly arraigned upon said indictment, for his plea thereto says not guilty. It is therefore ordered by the court that Monday the 28th day of October, 1912, be and the same is hereby fixed as the day for the trial of this case. And thereupon in open court the court drew from the jury box fifty names, making with those of the regular jurors drawn and summoned for the week in which this case is set for trial, 78 jurors as the venire from which the jury to try this case shall be selected. It is further ordered by the court that the sheriff be required to summon the said fifty persons so drawn to appear the day set for trial, and it is further ordered that the clerk of this court issue an order to the sheriff to summon the

[Waldrop v. The State.]

said fifty persons so drawn as jurors to appear in open court on the day set for the trial of this case. It is further ordered by the court that a list of the names of all the jurors summoned for the week in which this case is set for trial, and those drawn to-day as provided by law, together with a copy of the indictment, be forth with served upon defendant by the sheriff.

The evidence showed without dispute that defendant stabbed deceased twice with a knife, in the neck, and that she died in about a week. The only evidence offered by defendant in mitigation of the crime is that he was drunk at the time of its commission, which the evidence shows was voluntary on his part. The court refused the following charge to defendant: In order to reduce the offense from murder in the first degree to a lower degree, it is not essential that defendant should have been intoxicated to such a degree as to be unconscious of his acts.

P. F. WHARTON, and TATE & ARNOLD, for appellant. The court was in error in its action in drawing and summoning of the jury, and the order made was not sufficient under the law.—Acts 1909, p. 317. The court erred in refusing the charge requested by defendant as to the effect of intoxication.—*Fonville v. State,* 91 Ala. 44. On rehearing counsel insist that if it be held that appellant waived the error in the order of the court, then the court should have overruled the cases of *Jackson v. State,* 171 Ala. 38 and *Bailey v. State,* 172 Ala. 418. Attention is directed to the dissenting opinion in the case of *Andrews v. State,* 174 Ala. 11, where the distinction is drawn between an error in the order of a court and an error in the venire.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court

was not in error in permitting it to be shown that defendant and his wife were living apart.—*Overstreet v. State,* 46 Ala. 30; *Farler v. State,* 67 Ala. 55; *Duncan v. State,* 88 Ala. 31; *Tate v. State,* 94 Ala. 14. The court properly refused the charge requested.—*Chatham v. State,* 92 Ala. 47; *White v. State,* 103 Ala. 72; *Brown v. State,* 142 Ala. 287. There was no error in the court's action as to the drawing of the jury and entering the order.—Sec. 7263, Code 1907; *Howard v. State,* 159 Ala. 30; Acts 1909, p. 317. In any event, defendant waived by going to trial without objection, the failure to specially summons the regular jurors.—*Thomas v. State,* 94 Ala. 74; *Howard v. State,* 108 Ala. 571.

SOMERVILLE, J.—It has been several times ruled by this court that section 32 of the New Jury Law (Sess. Acts 1909, p. 319) is mandatory in its requirement that, in capital cases, the trial court shall fix the number of the special venire, and that the defendant shall have the benefit of the number so fixed for the selection of his trial jury.—*Jackson v. State,* 171 Ala. 38, 55 South. 118; *Bailey v. State,* 172 Ala. 418, 55 South. 601; *Andrews v. State,* 174 Ala. 11, 56 South. 998.

It is insisted for appellant (1) that the record fails to show that any order was made fixing the number of the venire, and (2) that the sheriff was not ordered to summon all of the venire, but only the 50 drawn as special jurors; and hence it is conceived the statute has not been complied with, and fatal error appears.

The language of the statute is as follows: "Whenever any person or persons stand indicted for a capital felony, the court must on the first day of the term, or as soon as practicable thereafter, make up an order commanding the sheriff to summon not less than 50 nor more than 100 persons including those drawn and sum-

moned on the regular juries for the week set for the trial
of the case, and shall then in open court draw from the
jury box the number of names required with the regu-
lar jurors drawn and summoned for the week set for
the trial to make the number named in the order, and
shall cause an order to be issued to the sheriff to sum-
mon all persons therein named to appear in court on
the day set for the trial of the defendant and must cause
a list of the names of all the jurors summoned for the
week in which the trial is set, and those drawn as pro-
vided in this section, together with a copy of the indict-
ment, to be forthwith served on the defendant," etc.

Having strict regard to this language, it is obvious
that the record does not show a compliance with its
requirements in the particulars complained of.

Nevertheless, the recital of the minutes that the court
drew 50 names, making, with those of the regular
jurors drawn and summoned, 78 jurors *as the venire*
from which the jury should be selected, though it does
not show in ipsis verbis an order to that effect, does ex
vi terminorum show that the order was made—especial-
ly in view of the recital immediately followed, that "it
is further ordered that the sheriff be required to sum-
mon the said 50 persons so drawn to appear on the day
of trial," etc. Any other interpretation of the recitals
would be but a narrow and technical evasion of com-
mon sense. The statute must be construed, and it must
be executed by the trial court, so as to give to the de-
fendant the benefits intended and mandatorily prescrib-
ed. But the defendant cannot justly complain of mere
informalities which do not in any way affect the num-
ber, or personnel, or character of the veniremen pro-
vided for his selection of jurymen. We hold that an
appropriate order is sufficiently shown by the record.

It is true, also, that the statute directs that an order be made "commanding the sheriff to summon not less than fifty nor more than one hundred persons, including those summoned on the regular juries for the week"; and, further, that an order "be issued to the sheriff to summon all persons therein [in the order] named to appear in court on the day set for trial," etc. The primary purpose of this provision was to secure to the defendant a venire of not less than 50, and to limit the discretion of the court to a venire of not exceeding 100, persons from which to select a jury.

Under the previous statute (section 7263, Code 1907) only the special veniremen were required to be summoned specially for the trial, and it may be that the new provision that the *entire* venire, including the regular jurors drawn and summoned for the week, shall be summoned specially for the trial was intended to remedy the situation resulting from the decision in *Howard v. State,* 159 Ala. 30, 49 South. 108, wherein it was ruled that regular jurors for the week in which a capital case is set for trial were not competent jurors for that trial if postponed to a later week, because they were not *specially summoned,* and therefore did not fall within the exception to the prohibition found in section 7247 of the Code.

But, however this may be, it is certain that the failure of the court to cause such regular jurors to be *specially* summoned is a defect which may be waived by the defendant, and which is waived by his failure to object to them as a part of the special venire before the trial is begun.—*Thomas v. State,* 94 Ala. 74, 10 South. 432; *Howard v. State,* 108 Ala. 571, 18 South. 813; section 29 of Jury Law (Sess. Acts 1909, p. 317). And it would seem that, even upon seasonable objection by the

defendant, the irregularity would not be prejudicial error, unless it resulted in depriving him of the benefit of the number and character of veniremen named in the order of the court. Section 29 of the present law is explicit in declaring that all provisions "in relation to the selection, drawing, summoning or impaneling of jurors" are merely directory, and not mandatory, and that "no objection shall be taken to any venire of jurors except for fraud in drawing or summoning the jurors." The purpose of this section is plain. See the dissenting opinion of MCCLELLAN, J., in *Andrews v. State, supra.* We are unwilling to hamper its beneficial operation by extending the rule of *Jackson v. State* to cases not strictly within its class, and we hold that the error of this order was waived by the defendant, and cannot be now reviewed.

The trial court allowed the state to show that defendant and his wife were living apart. This was manifestly competent, as illustrative of defendant's sentiments towards her, and of his probable motive in injuring her.

The charge refused to defendant is argumentative, and also misleading, if not positively erroneous.

In *Chatham v. State,* 92 Ala. 47, 9 South. 607, it was said that "partial intoxication will not avail to disprove the specific intent; it must be of such character and extent as to render the accused incapable of consciousness that he is committing a crime." This statement of the law was reaffirmed in *White v. State,* 103 Ala. 72, 16 South. 63, and in *Brown v. State,* 142 Ala. 287, 38 South. 268. The language of the refused charge would have been readily susceptible of an interpretation by the jury which rendered it inconsistent with the principle above stated, and it was properly refused.

[Dudley v. The State.]

We find no error in the record, and the judgment will be affirmed.

Affirmed. All the Justices concur.

Sayre, J., holds there is no error shown by the record.