# Diamond v. The State.

### *Murder.*

(Decided April 16, 1915.　68 South. 476.)

*Jury; Special Venire; Statutory Provision.*—In drawing the jurors to constitute the venire to try a capital felony the court should not draw the special jurors before return of the venire of the regular jurors drawn for the week in which the trial of the case was set, as until that time there can be no basis for judicially determining the number of jurors to constitute such special venire. (Acts 1909, p. 317.)

APPEAL from Covington Circuit Court.

Heard before Hon. A. H. ALSTON.

Revenell Diamond was convicted of manslaughter under an indictment charging murder in the first degree, and motion to quash the venire for the reasons stated in

the opinion having been overruled by the trial court, defendant appeals. Reversed and remanded.

· PARKS & PRESTWOOD, for appellant. The proper method of raising the question was resorted to and the judgment of conviction must be reversed because of the failure of the court to sustain defendant's motion to quash. —*Linggold v. State*, 10 Ala. App. 57.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

PELHAM, P. J.—The transcript in this case shows that the trial court, in drawing the jurors to constitute the venire to try the defendant for a capital felony, proceeded to draw the special jurors before there had been a return made of the venire of regular jurors drawn for the week the case was set for trial. Until there had been a return to the regular venire it was not possible to know how many jurors on the regular venire would be summoned, and consequently no basis upon which the court could judicially determine and fix the number of jurors to constitute the venire to try the defendant as required by law.—Acts Sp. Sess. 1909, p. 317, § 32.

We passed upon the identical question here presented in *Linggold v. State*, 10 Ala. App. 57, 65 South. 304, and, as the question is properly presented for review in the present case, a reversal on the authority of the *Linggold Case* is ordered.

We find no other reversible error shown by the record.

Reversed and remanded.