# Mayo v. The State.

## Murder.

(Decided November 14, 1916.   73 South. 141.)

1. Jury; Special Venire.—Acts 1909, p. 318, et seq., is mandatory in its requirements, that in capital cases the court shall fix the number of the special venire, and that defendant shall have the benefit of the number so fixed for the selection of his jury for trial.

2. Same; Waiver.—The mandatory requirement of § 32, General Acts 1909, p. 318, was not waived by a failure to seasonably object to the venire at the trial; a failure to observe the mandate of the statute appearing from the record, the error will be revised on appeal.

3. Evidence; Intentions.—Where the prosecution was for a capital felony where the state had developed the fact that appellant had gone the most circuitous and unfrequented way to his home, tending to show preparation for the commission of the crime, defendant was entitled to testimony as to his announced purpose on setting out, as a part of the res gestae of the act showing the purpose of his journey.

4. Witness; Impeachment; Defendant.—Where defendant takes the stand as a witness in his own behalf, he is liable to impeachment as any other witness, although he had made no attempt to prove his good character.

5. Charge of Court; Directing Verdict.—Where the evidence is conflicting, the affirmative charge cannot properly be given.

APPEAL from Baldwin Circuit Court.

Heard before Hon. A. E. GAMBLE.

Millard Mayo, alias, was convicted of a capital felony under § 7699, Code 1907, and he appeals.   Reversed and remanded.

WEBB & McALPINE, for appellant.   W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

EVANS, J.—Appellant was prosecuted for a capital felony under Code, § 7699.   The record shows that the trial court made an order fixing the venire at 65 persons, pursuant to section 32, Acts 1909, pp. 318, 319.   Forty-five persons were drawn and summoned for the regular juries of the week, thus necessitating the drawing of 20 additional persons by way of complement to satisfy the requirements of the court order.   The trial judge

drew only 5 persons, thus putting the defendant upon a venire of 50, instead of 65, as fixed by the order of court.

(1, 2) It has been several times held that section 32 of the Jury Law (Gen. Acts 1909, pp. 318, 319) is mandatory in its requirement that in capital cases the trial court shall fix the number of the special venire, and that the defendant shall have the benefit of the number so fixed for the selection of his trial jury.—*Jackson's Case,* 171 Ala. 38, 55 South. 118; *Bailey's Case,* 172 Ala. 418, 423, 55 South. 601; *Andrews' Case,* 174 Ala. 11, 16, 56 South. 998, Ann. Cas. 1914B, 760; *Waldrop's Case,* 185 Ala. 20, 64 South. 80. It was accordingly held in *Bailey's Case, supra,* that this mandatory requirement of the statute was not waived by failure to seasonably object to the venire at the trial; and a failure to observe the mandate of the statute being made to appear upon the record, the error would be revised on appeal. In *Waldrop's Case, supra,* the rule announced in *Jackson's Case, supra,* was reaffirmed, but limited to instances falling within the principles of the latter case.

(3) Since the cause must be remanded for another trial, we take occasion to animadvert upon the declaration of accused as to his purpose in going by the Pensacola crossing. What a person says upon setting out upon a journey is admissible as part of the res gestæ of that act or transaction as characterizing the purpose and object of the journey.—*Maddox v. State,* 159 Ala. 53, 53, 48 South. 689; *Burton v. State,* 115 Ala. 1, 10, 22 South. 585; *Harris v. State,* 96 Ala. 24, 29, 11 South. 255; *Campbell v. State,* 133 Ala. 81, 31 South. 802, 91 Am. St. Rep. 17; *Kilgore v. Stanley,* 90 Ala. 523, 8 South. 130; *Central of Georgia Ry. v. Bell,* 187 Ala. 541, 551, 65 South. 835. Hence appellant should have been permitted to show by witness Lee that appellant's announced purpose on setting out to inspect a cart to see if it was sufficient for certain hauling had in contemplation by said Lee and appellant; especially was this admissible since the state had previously developed the fact that appellant had gone the most circuitous and unfrequented way to his home, thereby showing, or tending to show, preparation for the commission of the crime.

(4) The accused having taken the stand, he was liable to impeachment as any other witness, notwithstanding he had made no attempt to prove a good character.—*Mitchell's Case,* 148 Ala. 618, 42 South. 1014; *Field's Case,* 121 Ala. 16, 25 South. 726; *McGuire's Case,* 3 Ala. App. 40, 58 South. 60; *Mitchell's Case,*

94 Ala. 68, 1-0 South. 518; *McDaniel's Case,* 97 Ala. 14, 12 South. 241.

(5) In view of the conflicting evidence, the affirmative charge was correctly refused.

For the error pointed out, the judgment of the court below is reversed, and the cause remanded for another trial.

Reversed and remanded.