(84 South. 861)

COLEMAN v. STATE.   (2 Div. 220.)

(Court of Appeals of Alabama.   April 6, 1920.)

1. JURY ⚫70(6)—COURT CANNOT FIX NUMBER OF JURORS FOR CAPITAL CASE BEFORE REGULAR JURORS WERE DRAWN.

Under the statute (Acts 1909, p. 305) for drawing jurors for capital case before its amendment by Acts 1919, p. 1039, it was reversible error for the court to designate the number of jurors to constitute the venire before the sheriff had made return of the regular jurors for the week of the trial.

2. JURY ⚫82(3)—SELECTING JURY FROM PANEL CONTAINING ONE LESS THAN SPECIFIED NUMBER IS ERROR.

Where the total number of jurors drawn on the regular panel for the week and those specially drawn for a capital case was one less than the number fixed by the court, there was a noncompliance with the order for venire sufficient to require a reversal of a verdict of conviction.

Appeal from Circuit Court, Perry County; B. M. Miller, Judge.

Earnest Coleman was convicted of murder in the second degree, and he appeals. Reversed and remanded.

Henry P. White, of Marion, and Henry A. Jones, of Tuscaloosa, for appellant.

The provisions of the jury law are mandatory, and, not having been complied with in this case, the conviction is unlawful. 171 Ala. 603, 55 South. 120; 172 Ala. 418, 55 South. 601; 172 Ala. 413, 55 South. 609; 185 Ala. 20, 64 South. 80; 16 Ala. App. 303, 77 South. 453.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

This case is brought directly under the ruling laid down in Jackson v. State, 171 Ala. 38, 55 South. 118, and Malone v. State, 16 Ala. App. 646, 81 South. 138.

BRICKEN, P. J.  The defendant was indicted for the offense of murder in the first degree. He was tried and convicted of the offense of murder in the second degree; the term of his punishment being fixed by the jury at imprisonment in the penitentiary for 20 years.

[1] On this appeal the only question presented is whether the court erred in its rulings relative to the venire to try the case. It is shown by the record that the trial judge fixed the number of jurors at 60 to constitute the venire to try this case, that this order was made and entered on September 17, 1919, and that at the time this order was made no returns had been made by the sheriff of the regular jury for the week in which defendant's case was set for trial; the sher-

iff's return of the regular venire was not made until September 22, 1919.

Under the statute it is clear that the court cannot fix or designate the number of jurors in a capital case, which must not be less than 50 nor more than 100, until a return has been made by the sheriff of the regular jurors for the week of defendant's trial, for, in the absence of such return of the jurors actually summoned, the court has no basis or predicate upon which to determine how many special jurors will be necessary to complete the number designated. In other words, until there had been a return to the regular. venire, it was impossible for the court to know how many jurors on the regular venire would be summoned, and consequently the court could not determine and fix the number of jurors to constitute the venire to try a defendant charged with a capital offense as required by law. No further discussion of this question is necessary as the following cases clearly sustain the holding here that the court erred to a reversal in this connection. Linggold v. State, 10 Ala. App. 57, 65 South. 304; Harris v. State, 172 Ala. 414, 55 South. 609, and cases cited.

[2] Furthermore it affirmatively appears from the record that only 43 persons were served to appear and act as regular jurors during the week in which this case was set for trial, and the court drew the names of 16 persons to serve as special jurors; the total being only 59 names to constitute the venire for this case, which is one short of the number fixed by the court. Therefore a noncompliance with said order of the court for the venire to try this case is clearly apparent, which, of itself, as has often been held, would effect a reversal of the judgment of conviction and a remandment of the cause.

The proceedings as disclosed by this record occurred prior to the passage and approval of the act amending sections 18 and 32 of the act (Acts 1909, p. 305) under the terms of which the jury in this case was drawn. The Legislature of Alabama during its 1919 session very properly passed an amendatory act, approved September 29, 1919, under the terms of which the conditions presented by this record cannot again occur. This amendatory act provides that—

"Whenever any person or persons stand indicted for a capital felony, the court must on the first day of the term, or as soon as practicable thereafter, make an order commanding the sheriff to summon not less than fifty nor more than one hundred persons, including those drawn on the regular juries for the week set for the trial of the case, and shall then in open court draw from the jury box the number of names required with the regular jurors drawn for the week set for the trial to make the number named in the order," etc. Acts 1919, pp. 1039–1041.

The operation of this amendatory act will prevent much confusion and unnecessary delay in the drawing of juries to try capital cases.

Reversed and remanded.