179 So.2d 773

James **CARR**

v.

**STATE.**

**4 Div. 530.**

Court of Appeals of Alabama.

Nov. 2, 1965.

W. R. Martin, Ozark, John C. Walters, Troy, for appellant.

Richmond M. Flowers, Atty. Gen., for the State.

CATES, Judge.

This appeal from a conviction of robbery was submitted here March 25, 1965. The judgment rests on a verdict of guilt which also fixed Carr's punishment at twelve years in the penitentiary.

Under the requisites of Code 1940, T. 30, § 63[1] (robbery being a capital offense), the court below "fixed the venire at 75 persons." The minutes go on to recite the drawing of 10 more names of persons "who, with the persons drawn as regular jurors * * * shall constitute the venire for the trial of the defendant."

Through some oversight only 50 persons had been drawn and summoned as the regular venire. The court denied Carr's motion to quash the venire.

▇▇▇▇ The Attorney General failed to file a brief. [Price, P. J., and Johnson, J., do not presume that this is a confession of error.] Jackson v. State, 171 Ala. 38, 55 So. 118 (hn. 2), in any event compels reversal. Clearly, cases under T. 30, § 67[2] do not apply.

The judgment below is due to be reversed and the cause remanded for new trial.

Reversed and remanded.

CATES, Judge (specially concurring as to the confession of error aspect.)

What I treat as a confession of error arises from:

1. January 13, 1964, notice that the State would submit a brief;

2. March 1, 1964, motion to extend time; and

3. Notice under Rule 12 of State's withdrawal of notice of intention to file a brief.

Among the statutory duties devolving upon the Attorney General, Code 1940, T. 55, § 228, lists (in part):

"He *must attend,* on the part of the state, to all criminal cases pending in the * * * court of appeals * *." (Emphasis added.)

This attendance is, of course, as an officer of the law.

I am quite aware of Code 1940, T. 15, § 389, dispensing with assignments of error in criminal appeals, and of the general rule that the failure of the appellee to join in error is no default.

However, the State is not served by delay—in criminal cases experience shows usually a decrease in the degree or grade of the crime and of punishment, if not outright acquittal, with each successive retrial.

Hence, a prompt confession of error would save the disappearance of witnesses, the fading of memory and growth of leniency in jurors because of putative

---

1. "Whenever any person or persons stand indicted for a capital felony, the court must, on the first day of the session or as soon as practicable thereafter, make an order commanding the sheriff to summon not less than fifty nor more than one hundred persons, including those drawn on the regular juries for the week set for the trial of the case, and shall then in open court draw from the jury box the number of names required, with the regular jurors drawn for the week, set for the trial, to make the number named in the order, and shall cause an order to be issued to the sheriff to summon all persons therein named to appear in court on the day set for the trial of the defendant, and must cause a list of the names of all the jurors drawn for the week in which the trial is set, and those drawn as provided in this section, together with a copy of the indictment, to be forthwith served on the defendant, by the sheriff, at least one entire day before the day set for the trial, and the defendant shall not be entitled to any other or further notice of the jurors drawn for his trial nor of the charge or indictment upon which he is to be tried. If the persons summoned as jurors fail to appear, or if the panel is exhausted by challenges, neither the defendant nor his counsel is entitled to a list of the persons summoned to supply their places."

2. "If the sheriff fails to summon any of the jurors drawn, or any jurors summoned fail or refuse to attend the trial, or there is any mistake in the name of any juror drawn or summoned, none nor all of these grounds shall be sufficent to quash the venire or continue the cause."

"punishment enough to have had an indictment hanging over his head so long."

Therefore, on a point not squarely within § 389, supra, where the appellant files a brief, I would treat the Attorney General's failure to reply as sufficient reason to reverse the judgment without opinion other than reference to no brief. On the merits I would be governed by § 389.