# Savage *v.* The State.

## *Murder.*

(Decided Jan. 18, 1912.   57 South. 469.)

1. *Jury; Motion to Quash; Service on Accused.*—Motion to quash venire because not served forthwith on accused indicted for a capital offense was properly denied because not within the exception in section 29, Acts 1909, p. 319.   (Court equally divided.)

2. *Same; Mistake in Name of Juror.*—A venire containing the name of William S. Morgan may not be quashed because Seaborn Wilson Morgan was the person summoned and appearing for service. (Section 32, Acts 1909, p. 219.)

3. *Witnesses; Cross Examination; Scope.*—Where a witness testified that he was the father of the defendant, it was proper to ask him on cross examination if he and defendant's mother were ever married.

4. *Homicide; Instruction; Ignoring Issues.*—A charge asserting that if defendant was the aggressor and the sole cause of the difficulty in which deceased was killed, yet if he retreated, and was thereby placed apparently in such position that he could not escape without endangering his life or suffering serious bodily harm, he could kill deceased, pretermitted the essential elements of good faith in withdrawing from the difficulty, and was properly refused.

5. *Charge of Court; Degree of Proof.*—A charge asserting that the jury must have not only justifying reasons for a conclusion of guilt, but such conclusion must press itself on the minds of the jury with such force that they are unable to find in the evidence any reason for a contrary conclusion, is not a proper statement of the law since a justifying conclusion of guilt may be attained, although a part of the evidence when considered without reference to the other evidence may show a reason opposed to that of guilt.

6. *Same; Argumentative.*—A charge asserting that flight, though a circumstance to be considered is inconclusive, and it may not be evidence of guilt where there was any other reason for the flight than the sense of guilt, is purely argumentative.

7. *Same; Emphasizing Evidence.*—A charge singles out a particular feature of the evidence when it asserts that if accused left the state under the advice of a friend in whom he had confidence, such flight of the accused was not evidence of guilt.

8. *Same; Covered by Those Given.*—Where a requested charge is substantially covered by requested charges given, its refusal will not constitute reversible error.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

[Savage v. The State.]

Frank Savage was convicted of murder, and he appeals. Affirmed.

The following charges were refused to the defendant: (8) "The court charges the jury that they must have not only justifying reasons for a conclusion of guilt—not only must they be able to say upon reason that the defendant is guilty—but this conclusion must press itself upon the minds of the jury with such convincing clearness and force that they are unable to find in the whole evidence any reason for a contrary conclusion." (19) "The court charges the jury that if the defendant was the aggressor, and the sole cause of the difficulty in which the deceased was killed, yet if you believe from the evidence that he retreated, or attempted to retreat, and was thereby placed apparently in such position as that he could not escape therefrom without endangering his life or suffering serious bodily harm, he had the right to use such force to repel this danger, even though he had to kill the deceased to do so." (27) "Flight of a defendant, although a circumstance to be considered by the jury in connection with all the other evidence, is of a weak and inconclusive character. It may not be evidence of guilt at all, if it be shown that there was any other reason for the flight than that of a sense of guilt. Flight may proceed from an unwillingness to stand the public prosecution, or from fear of the result, from an inability to explain false appearances, or from the advice of friends to avoid public excitement; and if it proceeded from any one or more of these reasons, then flight is not evidence of guilt at all." (29) "If you believe from the evidence that the defendant left the state under the advice of a friend, in whom he had confidence, that it would be best for him, then the flight of the defendant may not be evidence of his guilt."

J. F. Barbour, and Godbold & VandeVoort, for appellant. The language of the statute is plain and susceptible of but one construction.—*Toole v. The State*, 88 Ala. 162. The statute requires the venire to be served forthwith, and the court erred in refusing to quash the venire, because not served forthwith.—Acts 1909, p. 319. The court erred in refusing to quash venire because of a variance between the name of the juror Morgan served on defendant, and the name of the juror who appeared and served.—*Martin v. The State*, 144 Ala. 8. Motion to quash was the proper way to raise this question.—*Davis v. The State*, 52 South. 939; *Noel v. The State*, 49 South. 624; *Thomas v. The State*, 94 Ala. 74. Counsel insist that the act would be unconstitutional under section 6 of the Constitution if the construction placed upon it by the trial court is upheld, and in support thereof cite.—*Sproull v. Lawrence*, 33 Ala. 674; *Dudley v. Steele*, 71 Ala. 423; *Bradley v. The State*, 69 Ala. 322; *Quartlebaum v. The State*, 79 Ala. 1; *Petrey v. Banks*, 142 U. S. 650. In support of their insistence that the court erred in the admission of evidence, counsel cite.—*Hussey v. The State*, 87 Ala. 121; *Moulton v. The State*, 88 Ala. 116; *Mitchell v. The State*, 94 Ala. 68; *Martin v. The State*, 104 Ala. 77; *Downey v. The State*, 115 Ala. 111. Charge 8 should have been given.—*Burton's case*, 107 Ala. 114; *Brown's case*, 108 Ala. 18; *Picken's case*, 115 Ala. 42; *Bone's case*, 117 Ala. 138. Charge 19 should have been given. —*McBride v. The State*, 156 Ala. 44. Charges 25, 26 and 27 should have been given.—*Bowles v. The State*, 58 Ala. 335; *Sylvester v. The State*, 71 Ala. 17; *Elmore v. The State*, 98 Ala. 12.

R. C. Brickell, Attorney General, and W. L. Martin, Assistant Attorney General, for the State. The

word "forthwith" used in the Statute (Acts 1909, p. 319) does not denote any fixed, determined length of time. It varies according to circumstances. It may mean twenty-four hours, or it may come within ten days.—Words & Phrases, pp. 2916. Herein the names were drawn at 11 A. M. Friday; it is presumed that the clerk, after drawing them had to prepare his list, either in typewritten or printed form; Sunday intervened between the drawing of the venire and the service on defendant. "No objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors."—Acts 1909, p. 317. Defendant's objection to the jurors Morgan, Watts and Reaves, for the erroneous spelling of their names was without merit. A mistake in the name of any juror drawn or summoned, should not be sufficient ground to quash the venire.— Acts 1909, p. 230; *Johnson v. State,* 47 Ala. 33; *Hall v. State,* 51 Ala. 13; *Floyd v. State,* 55 Ala. 64; *Rash v. State,* 61 Ala. 94; *Roberts v. State,* 68 Ala. 168; *Hubbard v. State,* 72 Ala. 168; *Jackson v. State,* 76 Ala. 28; *McKee v. State,* 82 Ala. 38; *Ezell v. State,* 102 Ala. 111; *Jones v. State,* 104 Ala. 32; *Bell v. State,* 115 Ala. 37; *Kimbrel v. State,* 130 Ala. 43; *Longmire v. State,* 130 Ala. 66; *Cawley v. State,* 133 Ala. 137; *Coleman v. State,* 142 Ala. 14; *Smith v. State,* 145 Ala. 22; *Untreinor v. State,* 146 Ala. 33; *Walker v. State,* 155 Ala. 33. The ruling of the lower court on defendant's objection to the question asked of the witness Savage must be presumed to be correct. The record does not set out all the evidence: "Error must therefore be affirmatively shown to overcome the presumption which must be indulged in favor of the correctness of the rulings of the trial court.—*Cawley v. State,* 133 Ala. 128, 137. The question was proper for the purpose of showing the character of the witness. "The rule is, that

upon cross examination, especially of an accomplice, great latitude will be allowed in order to probe his accuracy, veracity, or credibility. So likewise as to questions having a tendency to shake his credit by injuring his character.—1 Whart. Cr. Ev. 444; Stephens' Dig. Law Ev. 185; *Marler v. State,* 68 Ala. 580, 587; *Ingram v. State,* 67 Ala. 67, 71; *Lowman v. State,* 161 Ala. 47, 51. Charge 8 exacted too high degree of proof. It required the jury to acquit the defendant if they should find in the whole evidence *any* reason for a conclusion contrary to that of defendant's guilt. Such a reason may grow out of one part of the evidence but may be explained in another part in such a way as to leave the jury satisfied of defendant's guilt.—*Wharton v. State,* 73 Ala. 366; *Fountain v. State,* 98 Ala. 40; *Stone v. The State,* 105 Ala. 60; *Campbell v. The State,* 133 Ala. 81, 88. Charge 19 is faulty in that it does not predicate defendant's plea of self defense on his good faith in abandoning the difficulty, and on his announced desire for peace. Under the verbiage of the charge requested, the killing of deceased would have been justifiable if defendant's retreat had been a ruse upon which to rest a plea of self defense.—*Parker v. State,* 88 Ala. 4; *Walker v. State,* 89 Ala. 79; *Watkins v. State,* 89 Ala. 82; *Bostick v. State,* 94 Ala. 45; *Stillwell v. State,* 107 Ala. 16; *Crawford v. State,* 112 Ala. 1; *Hughes v. State,* 117 Ala. 25; *Brewer v. State,* 160 Ala. 66; 72. Charges 27 and 29 were properly refused. Besides being in nature of arguments, they single out parts of the evidence.—*Wharton v. State, supra; Fountain, supra; Stone, supra; Campbell, supra.*

McCLELLAN, J.—The defendant was indicted for a capital offense. His trial was set for Thursday, November 10, 1910. The special venire for his trial was

drawn on Friday, November 4, 1910, about 11 o'clock a. m., and a copy thereof, with the indictment, was ordered to be "forthwith" served upon the defendant. The service of the copy of the venire and of the indictment was had on Thursday, November 8, 1910, about 6 o'clock p. m.

The defendant moved, in the court below, to quash the venire, upon the ground that service thereof was not effected "forthwith," as required by section 32 of the jury law of 1909 (Acts Sp. Sess. 1909, p. 319). The motion was properly overruled. In section 29 of the jury law, it is provided that: "No objection can be taken to any venire of jurors except for fraud in drawing and summoning the jurors." The objection stated does not fall within the exception of the quoted provision of the jury law.

It is also provided, in section 32 of the jury law, that "any mistake in the name of any juror drawn or summoned is not sufficient ground to quash the venire or to continue the cause." Accordingly there was no ground for quashal of the venire, arising from the fact that the name "William S. Morgan" was on the venire served on the defendant; whereas, "Seaborn Wilson Morgan" was the person summoned and appearing for service on the trial of the defendant.

There was no error in the allowance of this question, propounded by the solicitor on cross-examination of defendant's witness Rat Savage, "Were you and his mother ever married?" On his examination in chief, this witness had testified "that he was the father of the defendant." The question complained of related, as is obvious, to the very matter, viz., paternity, which the defendant himself had introduced before the jury. While it does not appear that the state could be benefitted by a refutation of the paternity which the witness

had confessed on his examination in chief, yet it cannot be said that such want of benefit deprived the state of the right to reflect upon the truth of the former statement of fatherhood by showing that the witness and defendant's mother were never married.

Charge 8 was well refused to defendant. It might be termed the assertion of a mere abstraction. However, one of its vices lies in the fact that it inveighs against a conclusion of guilt, to requisite certainty, if the jury find "in the whole evidence *any* reason" for a conclusion opposed to that of guilt. An entirely justified conclusion of guilt may be attained, notwithstanding a part of the evidence, considered without reference to other evidence, may show a reason opposed to that of guilt. We also think this charge was argumentative.

Charge 19, refused to defendant, pretermitted, in hypothesis, the essential element of *good faith* in his withdrawal from the difficulty in which he was the aggressor (if so).—*Hughes' Case*, 117 Ala. 25, 29, 23 South. 677, and *Stillwell's Case*, 107 Ala. 16, 19 South. 322, among others. If good faith was not required to characterize the withdrawal of the assailant, such an one might avail of that means to promote his own advantage to effect a wrongful purpose.

The affirmative charges 25 and 26, requested by defendant, could not, on the evidence, have been given.

There was no error in refusing charge 27, requested by defendant. It was argumentative. Besides, the benefit of the substance of this charge was accorded the defendant in given (for him) charge 28.

Charge 29 singled out a particular feature of the evidence and sought to emphasize it. This alone justified its refusal.

No error appearing, the judgment is affirmed.

Affirmed.

[Talley v. The State.]

All the Justices, save DOWDELL, C. J., not sitting, concur in the affirmance.

SIMPSON and SOMERVILLE, JJ., concur in the entire opinion. ANDERSON, MAYFIELD, and SAYRE, JJ., concur in all of the opinion, except that to which the following of their views refers: That the failure to serve the venire "forthwith" was error not cured by section 29 of the jury law, but that it was error without injury, as the record shows that the copy of the venire was served at least two days before the trial.