# Sims. v. The State.

## *Murder.*

(Decided April 2, 1912. Rehearing denied April 25, 1912. 58 South. 379.)

1. *Homicide; Indictment; Construction.*—Where the indictment charged that defendant killed deceased by an explosion of carbonite or other explosive substance of like kind or character, a better description of which was to the grand jury unknown, it, in effect, charged that defendant caused the explosion which resulted in the death of decedent, and was not defective for failure to definitely specify the substance that exploded.

2. *Jury; Venire; Motion to Quash.*—The facts stated, and it is held that the venire was not subject to a motion to quash because of the mistake of a name of a juror, or because the list contained a name not in existence.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

John Sims was convicted of murder and he appeals. Affirmed.

HENRY P. WHITE, for appellant. The indictment was subject to the demurrer interposed.—*Hornsby v. State,* 94 Ala. 55.—The motion to quash the venire should have been granted.—Sec. 32, Acts 1909, p. 305; *Davis v. State,* 52 South.; *Jackson v. State,* 55 South. 118; *Baily v. State,* 55 South. 601; *Harris v. State,* 55 South. 609; *Seay v. State,* 55 South. 611. Counsel insist also that the court erred in admitting evidence of the manner in which the convicts were allowed to go into the mines.— *Martin v. State,* 104 Ala. 77. The court was in error in not permitting it to be shown that deceased and another had had a difficulty a short time before over the very lamp which afterwards exploded.—*Mason v. State,* 153 Ala. 46; *Story v. State,* 160 Ala. 100; *Tolliver v. State,* 142 Ala. 3.

[Sims v. The State.]

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There was no error in overruling demurrer to the 2nd count of the indictment.—Code, secs. 4906, and 7149; *Hornsby v. State,* 94 Ala. 55; *King v. State,* 137 Ala. 47; *Wilson v. State,* 84 Ala. 426; *Newell v. State,* 115 Ala. 54; *Harrison v. State,* 144 Ala. 20; *Burkett v. State,* 154 Ala. 19. The motion to quash was properly overruled.—Acts 1909, p. 320; *McKee v. State,* 82 Ala. 38; *Coleman v. State,* 142 Ala. 14; *Smith v. State,* 145 Ala. 22; *Walker v. State,* 155 Ala. 33, and authorities therein cited.

ANDERSON, J.—The second count of the indictment charges that the defendant killed the deceased "by an explosion of carbonite, or other explosive substance of like kind or character. A further or better description of same is to the grand jury unknown." The plain meaning of the indictment is that the defendant caused or produced the explosion which caused or resulted in the death of the deceased. Nor was the indictment defective and subject to demurrer for charging that the explosive was carbonite or other explosive substance of like kind or character, a further or better description being unknown.—*King v. State,* 137 Ala. 47, 34 South. 683; *Smith v. State,* 142 Ala. 14, 39 South. 329; sections 7144-7149 of the Code of 1907. There was no error in overruling the defendant's demurrer to the second count of the indictment.

There was no error in refusing to quash the venire because of a mistake in the name of one of the jurors, or for any of the other grounds set up in the motion to quash.—Acts 1909, p. 320.

There was no error in refusing the general charge requested by the defendant. The rulings upon the evidence have been carefully considered and are free from

reversible error, and it would be but a rehash of elementary rules of evidence, as well as a needless incumbrance of the books, to discuss the same in this opinion.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, SAYRE, and SOMERVILLE, JJ., concur. McCLELLAN and MAYFIELD, JJ., not sitting.

ON REHEARING.

ANDERSON, J.—The point made upon the venire in this case is so different from the one upon which the case of *Jackson v. State,* 171 Ala. 38, 55 South. 118, was reversed, that we did not deem a differentiation necessary; but counsel, upon application for rehearing, so earnestly invoke said case and those citing same, that we will amplify the decision of the point made in the instant case. The fact that the list of regular jurors contained the name of B. L. Edwards, and there was no such man, but B. L. Edmonds was summoned, did not affect the validity of the order of the court. The sheriff's return showed that 43 regular jurors had been summoned, and there was nothing in said return to indicate that there was no such person as Edwards; but the said return recites that all of the regular jurors (45) had been summoned except 2, giving their names, making 43 regular jurors summoned. The court fixed the total number at 68, and then drew 25 special jurors, which, with the 43 regular jurors summoned, made 68, as fixed by the order of the court, and which said order was in strict compliance with the statute. Therefore the fact that there was a mistake in the name of any juror appearing upon the list, or the fact that it contained the name of a person not in existence, did not in any way

affect the validity of the order, and could not work a cause for quashing the venire or a reversal of the case.

The defect in the *Jackson case, supra,* related to the order of the court. The statute required the trial court to fix the number to try the defendant, and which was so fixed at 79, and which said 79 had to be made up from the regular jurors drawn and *summoned* and an additional number of special jurors to be drawn by the court, sufficient to equal said 79. The court drew 40 names, and the record showed that less than 39 of the regular jurors had been summoned. Therefore, while the order showed that the court had designated 79 as the number to constitute the venire to try the case, the court did not in fact give the defendant the number as fixed by the order, and the error did not relate to the drawing, summoning, or impaneling of the jury, but went to the order of the court, which attempted to fix 79, but.in effect provided for a smaller number.