# CASES

IN THE

# SUPREME COURT OF ALABAMA

## NOVEMBER TERM 1911-12.

## Perry *v*. The State.

*Murder.*

(Decided May 30, 1912.   59 South.   150.)

1. *Jury; Drawing.*—Under section 32, Acts 1909, p. 320, where the order to the sheriff required him to summon one Charlie Thorton, and the return showed that he had been summoned, and his name was on the list of jurors served on defendant, when as a matter of fact, there was no such person, but that Charles M. Thornton had been served, he being commonly known as Charlie Thornton, the defendant could not have been misled and the venire was not reduced in number; hence, this was not sufficient grounds to quash the venire even though the order for the special venire did not recite that the jurors were drawn and summoned.

2. *Same; Venire; Quashing.*—The court may, on its own motion, quash an improper venire.

3. *Same; Drawing.*—Under section 29, Acts 1909, p. 317, a special venire drawn in accordance with the jury law is legal, although the names of the members of an unlawful venire, which had been quashed, were not returned to the jury box before the drawing.

4. *Appeal and Error; Harmless Error; Jury.*—Where the record shows that when an order for a special venire was made, the court had before it the sheriff's return upon the venire of regular jurors previously drawn, the error in the order, which recited that the special venire was to consist of the jurors regularly summoned, instead of drawn and summoned, is harmless.

5. *Same.*—Where a venire was drawn in accordance with the jury law the fact that the names of the members of an illegal venire had not been returned to the jury box before the second venire was drawn will not be presumed to be prejudicial to defendant.

6. *Same; Instructions.*—A charge asserting that a reasonable doubt was not an imaginary or fanciful doubt, but an actual one growing out of the evidence, which would cause a reasonably prudent man

to pause and hesitate in the graver transactions of life, while argumentative, is not prejudicial.

7. *Homicide; Reasonable Doubt.*—It is proper to refuse an instruction authorizing an acquittal on a mere doubt of accused's guilt instead of a reasonable doubt.

8. *Same; Evidence.*—A letter bearing on the crime of homicide with which defendant was charged, written by defendant after the offense, was admissible.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Hubbard Perry was convicted of murder in the first degree, sentenced to be hanged, and he appeals. Affirmed.

Upon the trial, while the defendant was on the stand as a witness for himself, he was shown a letter by the solicitor, and then asked if he had written a letter and given it to Mr. Betts, the deputy sheriff, at the time he was arrested. Said letter was inclosed in a stamped envelope and addressed to defendant's father at Smith Station, Ala. It further appeared from the evidence that at the time of his arrest the defendant was asked the question, "What made him kill his wife " and that he replied that he did not know that she was dead, and was sorry that he had shot her, at the same time handing the deputy sheriff a letter, stating that it would show that he did not know his wife was dead, and the deputy sheriff brought the letter on and gave it to the sheriff of the county. What the contents of the letter were does not appear from the bill of exceptions.

In its oral charge, the court said to the jury: "A reasonable doubt is not an imaginary or fanciful doubt, but is an actual, substantial doubt growing out of the evidence. It would cause a reasonable and prudent man to pause and hesitate in the graver transactions of life."

The charge requested by the defendant is as follows: "I charge you that, if you are in doubt as to the guilt of

the defendant, then you should find the defendant not guilty."

A. E. BARNETT, and H. K. DICKINSON, for appellant. The provisions of the jury law are mandatory, and the record must affirmatively show a strict compliance therewith.—*Bailey v. State,* 55 South. 601; *Kinnebrew v. State,* 132 Ala. 8; *Burton v. State,* 115 Ala. 1. The order calling the special venire fails to require that the fifty-six regular jurors "drawn and summoned" for the week, together with four special jurors drawn by the court shall constitute the special venire and was defective in failing to show that the regular jurors summoned were also drawn.—*Harris v. State,* 55 South. 609; *Jackson v. State,* 55 South. 118; *Bailey v. State,* 55 South. 601. On these same authorities it must be held that the venire is not legal when the number of regular jurors drawn and summoned and the number of special jurors are less than the number prescribed by the order of the court. The court erred in quashing the first venire on its own motion.—*Smith v. State,* 55 South. 449; *Rudolph v. State,* 55 South. 610; Acts 1909, p. 305. Under these authorities the venire was clearly illegal. Counsel discuss other matters but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The first venire drawn by the court was fixed at a number greater than allowed by law, and was therefore properly quashed ex mero motu.—Acts 1909, p. 317. The motion to quash was properly denied, first, because not based on the necessary averment of fraud in drawing or summoning the jury.—Acts 1909, p. 317; *Savage v. State,* 57 South. 469. And second, a mistake in the name of any juror drawn and summoned is not sufficient grounds

for quashing a venire.—Acts 1909, p. 320; *Untreinor v. State,* 146 Ala. 26; *Smith v. State,* 145 Ala. 17; *Kimbrell v. State,* 130 Ala. 40; *Ezzell v. State,* 102 Ala. 19; *Jackson v. State,* 76 Ala. 26. The motion to quash and the judgment thereon does not appear in the record proper, and will not be reviewed therefor.—*Thompson v. State,* 149 Ala. 37. The letter was admissible in evidence.—*Huffman v. State,* 136 Ala. 85; *Hornsby v. State,* 94 Ala. 55; *Shields v. State,* 104 Ala. 35. The court's oral charge was not objectionable.—*Simmons v. State,* 158 Ala. 8; *Allen v. State,* 111 Ala. 80. A doubt to authorize an acquital should be a reasonable doubt.—*Walker v. State,* 139 Ala. 56.

DOWDELL, C. J.—In ordering a special venire for the trial of this case, the order of the court was for 60 jurors, "to consist of the 56 regular jurors summoned for the week in which the trial of this case is set, and 4 jurors to be here and now drawn," etc. It will be observed that the order of the court is, "to consist of the 56 regular jurors *summoned,*" instead of *drawn and summoned,* in the language of the statute. The omission in the order of the word "drawn" was made the ground of a motion to quash the venire, which was overruled by the court.

The order was irregular in the omission of the word "drawn," and it is always best to follow the language of the statute in such cases; but in this instance we are unable to see that any possible injury resulted to the defendant. The record shows that when the order was made the court had before it the sheriff's return upon a venire of 60 regular jurors previously drawn by the court under its own order, showing that out of the 60 names 56 had been duly summoned, and consequently the 56 summoned must also have been drawn; so, not-

[Perry v. The State.]

withstanding the omission of the word "drawn" from the order, the defendant in fact had all that he could have had, had there been no omission in the order.

But it is insisted by the appellant that the omission of the word "drawn" from the order was prejudicial error in this case, because one of the regular jurors embraced in the 56 summoned had not in fact been drawn, to wit, one Charles M. Thornton. The contention is that "Charlie Thornton" was drawn, and "Charles M. Thornton" was summoned; that therefore only 55 of the 56 had been both drawn and summoned, thus reducing the number of jurors to 59 in all, and thereby depriving the defendant of one less than the number (60) fixed in the order for the special venire.

It appears from the record that the court had drawn and embraced in its order to the sheriff to summons the venire of 60 regular jurors for that week the name of one "Charlie Thorton, beat 4;" that the sheriff's return thereon showed that 56 of the jurors, including Charlie Thorton, had been duly summoned; the list of the jurors served upon the defendant contained the name of Charlie Thorton, beat 4, as being one of the regular jurors summoned for the week. The evidence of the sheriff and two other witnesses on hearing the motion to quash, showed that there was no such person as "Charlie Thorton" living in beat 4, and that the sheriff had in fact served the summons upon one "Charles M. Thornton," of beat 4, who was commonly called "Charlie Thornton," and who was the only person of that name in beat 4. So Charlie Thorton was drawn, and Charlie Thornton was summoned and impaneled—a mere mistake in the name, caused by a clerical omission of the letter "n" from the name as it stood in the jury box and in the court's order and in the sheriff's

return thereon, which could hardly have misled the defendant as to the person intended.

Section 32 of the Jury Act (Acts Sp. Sess. 1909, pp. 305 et seq.), among other things, provides, substantially, that if the sheriff fail to summon any of the jurors drawn, or any juror summoned fail or refuse to attend trial, or there is any mistake in the name of any juror drawn and summoned, none nor all of these grounds shall be sufficient to quash the venire or continue the cause.

It was held, in the case of *John Sims v. State,* 176 Ala. 14, 58 South. 379, that: "The fact that the list of regular jurors contained the name of B. L. Edwards, and there was no such man, but B. L. Edmonds was summoned, did not affect the validity of the order of the court. The sheriff's return showed that 43 regular jurors had been summoned, and there was nothing in said return to indicate that there was no such person as Edwards; but the said return recites that all of the regular jurors (45) had been summoned except two, giving their names, making 43 regular jurors summoned. The court fixed the total number at 68 and then drew 25 special jurors, which, with the 43 regular jurors summoned, made 68, as fixed by the order of the court, and which said order was in strict compliance with the statute. Therefore the fact that there was a mistake in the name of any juror appearing upon the list, or the fact that it contained the name of a person not in existence, did not in any way affect the validity of the order, and could not work a cause for quashing the venire or a reversal of the case."

In the case at bar, the order of the court provided for a venire of 60; the full 56 regulars had been summoned, and the 4 specials were forthwith drawn, making the number required. The mistake in the name of

one of the jurors did not reduce the number drawn or summoned, the defendant was not prejudiced thereby, and the motion to quash was properly overruled, as well as the objection to going to trial on the venire as constituted.

The defendant excepted to the order of the court sustaining the solicitor's motion to quash the venire first drawn. The order of the court for the first venire was clearly erroneous, having evidently been framed under the old jury law, and providing a venire in all of over 100 names; and the court very properly quashed this illegal venire, when its attention was called to it by the solicitor's motion, as it had the right to do ex mero motu upon discovery of such illegality. It appears that for this reason two other venires of 50 special jurors—100 names in all—in two other cases, had been quashed a day or two before the venire on which this defendant was put on trial was ordered and the four special jurors drawn; and one of the grounds for the motion to quash the present venire was based upon the fact that these special jurors were drawn before the 100 names of the quashed venires had been returned to the jury box. The contention is that this was in violation of the statute, section 19 of which requires that all jurors not impaneled, and not disqualified or exempt, shall be forthwith returned by the judge to the box in open court. If there was any irregularity in failing to return these 100 names to the box before drawing the special jurors, it is not sufficient to quash the venire under section 29 of the act; nor could it be presumed that the defendant was in any way prejudiced thereby. See *Savage v. State,* 174 Ala. 94, 57 South. 469.

In the ruling of the court on the objection of the defendant to the introduction in evidence by the state of the letter written by the defendant, there was no error.

That part of the oral charge of the court excepted to by the defendant, defining a reasonable doubt, while subject to the criticism of being argumentative in the statement in the last clause, "It would cause a reasonable and prudent man to pause and hesitate in the graver transactions of life," was nevertheless free from reversible error.

The written charge requested by the defendant predicated an acquittal upon a *doubt,* instead of a reasonable doubt, and was therefore properly refused.

We find no reversible error in the record, and the judgment must be affirmed.

Affirmed. All the Justices concur.