# Johnson *v.* The State.

### *Murder.*

(Decided June 13, 1912.  59 South. 708.)

*Jury; Venire; Order Fixing; Capital Case.*—Where an order that thirty special jurors be drawn, is made and executed, and then another order is made requiring such persons to be summoned to appear on the day set for defendant's trial, and providing that they, together with the petit jurors drawn and summoned for the week of his trial (such number consisting of thirty-two) shall constitute the venire from which a jury to try his case shall be selected, it was a sufficient compliance with the requirement of the jury law Acts 1909, p. 305, as the order fixed the number in effect at sixty-two, although not fixing it in words.

APPEAL from Madison Law and Equity Court.

Heard before Hon. JAMES H. BALLENTINE.

Richard Johnson was convicted of homicide and he appeals.    Affirmed.

D. A. GRAYSON, and GEORGE P. COOPER, by appointment of the court, for appellant.   No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.    The order appears sufficient as it in effect fixed the number of jurors at sixty-two, although not fixing it in so many words.—*Gresham v. The State,* 1 Ala. App. 220; *Costello v. The State,* 58 South. 202.

DE GRAFFENRIED, J.—The only question presented to us by this record challenges the legality of the jury which tried the defendant.   Section 32 of the jury law (see Gen. & Loc. Acts Sp. Sess. 1909, pp. 305, 320) undoubtedly requires the trial court to fix, by an order, the number of persons which shall constitute the venire

from which the jury for the trial of a capital felony shall be selected. This *number* shall not be less than 50 nor more than 100, and shall include the persons *drawn* and *summoned* for the week set for the trial of the case.

In the present case the court made an order that 30 special jurors be drawn, and the record shows that the names of the 30 special jurors were thereupon properly drawn from the jury box. This having been done, the court then made the further order requiring the sheriff to summons the 30 persons whose names had been so drawn to appear on the day set for the defendant's trial, and that "the jurors so drawn from the jury box, together with the petit jurors drawn and summoned for the fourth week of this court, shall constitute the venire from which a jury to try this case shall be selected."

The above order does not in *words* fix the particular number of persons who, under the order, were to constitute the defendant's venire, but it does in *fact* do so. When the order was made, the number of persons who had been drawn and summoned as jurors for the fourth week was 32, and this number added to 30 special jurors made 62. The number of persons who were to constitute the defendant's venire was therefore as definitely fixed by the above order as if, in words, the court had fixed the number at 62. The number, therefore, fixed by the court, was definite and certain, was a number which the court was authorized to fix, and the mere failure of the court to say *in words,* in making the above order, that the number fixed was *62,* was of no possible injury to the defendant.—*Costello v. State,* 58 South. 202, at present term of Alabama Supreme Court. The judgment of the court below is affirmed.

Affirmed.