# Gibbs *v.* The State.

## *Murder.*

(Decided February 4, 1913. 60 South. 999.)

1. *Jury; Empanelling; Judgment Entry.*—The judgment entry relative to the drawing of the jury stated and held to affirmatively show that the special jurors were drawn as required by law by the judge in open court.

2. *Same; Venire; Objection; Necessity.*—An objection to a venire in a capital case that it contained names of jurors who had been excused by the court, or that the list served on defendant contained a name not on the venire must be interposed in the court below and cannot be raised for the first time on appeal.

3. *Same; Irregularity; Grounds.*—The fact that there was a mistake in the name of some of the jurors appearing on the list served on defendant or that the list served contained the name of a juror not on the venire, was not good as a ground for a motion to quash the venire. Acts 1909, p. 320.

4. *Homicide; Accidental Killing; Instructions.*—Charges which predicate the acquittal of a defendant on the theory of an acquittal killing should include in the predicate the fact that defendant was engaged in a lawful act in the exercise of due care, and with no intent to injure.

APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Isaac Gibbs was convicted of murder in the second degree and he appeals. Affirmed.

H. L. MARTIN, for appellant. It must affirmatively appear that the judge drew the jury in open court.—145 Ala. 11; 160 Ala. 6; 115 Ala. 1. Counsel discusses other assignments of error, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The manner of drawing and empanelling the jury in this case was not made the basis of an objection below, and cannot be now raised.—*Thomas v. State,* 94 Ala. 74; *Wil-*

*liams v. State,* 81 Ala. 1. The court properly denied charges requested.—*Tidwell v. State,* 70 Ala. 33 ; *Holmes v. State,* 88 Ala. 26.

PELHAM, J.—The defendant was charged with murder in the first degree, and was convicted of murder in the second degree. The objection is here raised for the first time that the judge did not draw the names to constitute the special venire from the jury box in open court. The point made is that it is not affirmatively shown by the judgment entry that this requirement of the statute was complied with.

The judgment entry on that subject recites: "It is ordered that the judge of this court, in open court, draw from the jury box the names of 25 jurors, who, together with," etc. The judgment entry then further recites: "It is ordered that a list of the names of all the jurors summoned for this week of this court, and of those 25 jurors drawn hereunder by the judge of this court, together with," etc. The fair and reasonable reading of the entry is that the order of the court that the 25 jurors be drawn in open court had been complied with; that "those 25 jurors" ordered drawn in open court had been so drawn in compliance with the order previously made that they should be drawn from the jury box in open court. We think it affirmatively appears that the special jurors were drawn as required by law by the judge in open court drawing the names of the 25 jurors from the jury box.

No objection was made before entering upon the trial to the venire because the list contained names of jurors who had been excused by the court, or that the list served on the defendant contained a name not on the venire, and the objection to such irregularities comes too late when raised here after a verdict, judgment, and

sentence in the court below. As said by the court in *Thomas v. State,* 94 Ala. 74, 10 South. 432: "Parties must not be permitted to speculate on the chances of a favorable verdict, and failing then, fall back on some preliminary ministerial error, not previously called to the attention of the court."—See, also, *Williams v. State,* 81 Ala. 1, 1 South. 179, 69 Am. Rep. 133; *Herndon v. State,* 2 Ala. App. 118, 56 South. 85; *Howard v. State,* 108 Ala. 571; 18 South. 813.

The fact that there was a mistake in the name of some of the jurors appearing on the list of the venire, or that the list served on the defendant contained the name of a person not on the venire, would not be good grounds for a motion to quash the venire.—Acts 1909, p. 320; *Sims v. State,* 176 Ala. 18, 58 South. 379. See, also, *Coates v. State,* 1 Ala. App. 35, 56 South. 6.

The charges refused by the court predicating the defendant's acquittal on the theory of an accidental shooting do not include in the predicate as authorizing an acquittal on the ground that the defendant was engaged in a lawful act in the exercise of due care, and with no intent to injure.—*Tidwell v. State,* 70 Ala. 33; *Holmes v. State,* 88 Ala. 26, 7 South. 193, 16 Am. St. Rep. 17.

The record in the case as perfected by the return to the certiorari shows that the minutes of the trial court have been amended nunc pro tunc, and that as amended the record shows the venire to consist of the proper number of jurors as fixed by order of the court. The defendant having had a legal jury for the trial of his case, as shown by the return to the certiorari, and no other error being shown by the record, the case will be affirmed.

Affirmed.