# Hooten *v*. The State.

## *Murder.*

(Decided December 18, 1913.  64 South. 200.)

1. *Jury; Venire; Quashing.*—The fact that one of the jurors on the special venire for a homicide case was also one of the regular jurors drawn and summoned for the week in which the case was set for trial, was not grounds for quashing the venire so long as the number of jurors was not reduced below the number required by law in capital cases.

2. *Evidence; Admissibility; Res Gestae.*—Where it appeared that deceased lived for some months after the shooting, and that at times he was able to be up and about, but that he died from an abscess on the brain caused by the shooting, the fact that he was drinking or drunk when he fell from a wagon sometime after the shooting, and three or four weeks before he died, was not a part of the res gestæ, and had no bearing on any issue.

3. *Homicide; Self Defense; Voluntary Participation.*—One who enters into a fight willingly is held to have produced a necessity for slaying his adversary, and therefore cannot invoke self defense.

4. *Same; Second Degree; Instruction.*—Under section 7086, Code 1907, a charge asserting that before defendant could be found guilty of murder in the second degree on the ground that the killing was done with a deadly weapon concealed at the time, the state must show beyond all reasonable doubt that the weapon was concealed, and that deceased did not know that defendant had a pistol when the fight commenced, and in addition, that the accused was the assailant, the aggressor and provoked the difficulty, failed to predicate that the killing was in a sudden rencounter or affray, and was hence, properly refused.

5. *Same.*—Under section 7086, Code 1907, the slayer need not be the aggressor and provoke the difficulty, although the statute uses the word "assailant;" it being entirely sufficient if defendant was not entirely free from fault in bringing on the difficulty.

6. *Same.*—To warrant a conviction under section 7086, Code 1907, the state is not required to prove that deceased did not know that the accused had such a concealed weapon when the fight commenced.

7. *Same.*—Under the provisions of section 7086, Code 1907, a charge asserting that before accused could be found guilty of murder in the second degree on the ground that the killing was done with a deadly weapon concealed at the time, the state must show beyond all reasonable doubt that the weapon was concealed, that deceased did not know that defendant had the weapon when the fight commenced, and in addition, that defendant was the assailant and provoked the difficulty, was misleading in failing to state

[Hooten v. The State.]

the condition under which the state was required to prove freedom from fault.

8. *Same; Instruction; Weight of Evidence.*—On a trial for homicide, a charge asserting that in determining what weight should be given to the testimony of the witness, the jury might take into consideration the fact, if it was a fact, that he got his gun and came back to the scene of the shooting shortly after the difficulty, was properly refused, since it singled out a particular feature of the evidence, and instructed the jury to weigh evidence on that particular point.

9. *Charge of Court; Unanimity of Jurors.*—A charge asserting that the jurors must all agree before they can render a verdict is a proper statement of the necessity of unanimity.

10. *Same; Reasonable Doubt.*—If a jury in a criminal case from all the evidence believes beyond a reasonable doubt that a defendant is guilty they should convict, although they may believe it is possible that he is not guilty.

11. *Same; Applicability to Evidence.*—Instructions which hypothesize a fact of which there is no evidence are properly refused.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Doyle Hooten was convicted of murder in the second degree, and he appeals. Affirmed.

The following charges were given at the request of the state:

(1) "I charge you all must agree before you can render a verdict."

(2) "If you believe from all the evidence, beyond a reasonable doubt, that Doyle Hooten entered the fight willingly, he cannot invoke the doctrine of self-defense."

(3) "If you believe from all the evidence, beyond a reasonable doubt, that defendant is guilty, though you may also believe it is possible that he is not guilty, you must convict him."

The following charges were refused defendant:

(2) "Before you can find defendant guilty of murder in the second degree upon the ground that the killing was done with a deadly weapon concealed at the time, the state must show by the evidence, beyond all reasona-

ble doubt, that the weapon was concealed, and deceased did not know that defendant had the pistol when the fight commenced; and in addition to this the state must show, beyond all reasonable doubt, that defendant was the assailant, that he was the aggressor and provoked the difficulty, and, if the jury have any reasonable doubt upon either one of these propositions, then the jury should not find defendant guilty of murder in the second degree on that ground."

(3) "The jury may take into consideration the fact, if it be a fact, that the witness Crumley got his gun and came back to the scene of the shooting a short time after said difficulty occurred, in determining what weight you will give to the testimony of said witness Crumley."

It appears from the evidence that Higgins, the deceased, was shot by defendant some time in May, 1912, and that he died January 7, 1913; that after he was wounded he was able to be up and about, at times approximately well, and at other times not, and that, about three or four weeks before he died, he was thrown from a wagon and fell upon the back of his head and shoulders. He died from an abscess on the brain produced by a ball, from one of the shots, splitting; part going through the skull and entering the brain, the other part making merely a flesh wound. The attending physicians performed a post mortem, and testified as above indicated.

F. E. St. John, for appellant. There was error in failing to quash the venire because of the juror appearing both upon the regular and special venire.—*Roberts v. State,* 68 Ala. 515; *Darby v. State,* 92 Ala. 9; *Mc-Queen v. State,* 94 Ala. 50. The evidence that defendant was drunk and fell from a wagon, was relevant as tending to show that his death was caused thereby.—

*Teague v. State,* 144 Ala. 42. Charge 2 was improperly refused.—*Scales v. State,* 96 Ala. 69. Charge 3 should have been given.—*Harris v. State,* 96 Ala. 28; *Parker v. State,* 165 Ala. 1. Counsel discuss other charges given and refused, but without further citation.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. No error is shown in the refusal to strike venire.—*Fields v. State,* 52 Ala. 348; *Roberts v. State,* 68 Ala. 515; *Jackson v. State,* 76 Ala. 26; *Dick v. State,* 6 South. 395; *Arp v. State,* 12 South. 301; *Hall v. State,* 30 South. 422. Moreover, the motion came too late. The evidence of drunkenness, and the fall from the wagon happening in point of time several months after the shooting, and several weeks before the death, was no part of the res gestae, and was not admissible otherwise.—*Teague v. State,* 40 South. 314. The charges given for the state were free from error.—*Matthews v. State,* 136 Ala. 47; *Sanders v. State,* 134 Ala. 84; *Gilmore v. State,* 126 Ala. 20; *Wilkins v. State,* 98 Ala. 6. Special charges 1, 6 and 11, were covered by charges given.—*Parker v. State,* 51 South. 260. Charge 2 was properly refused.—*Williams v. State,* 140 Ala. 10; *Martin v. State,* 90 Ala. 602. Charge 3 was properly refused.—5 Mayf. 140. Charge 10 was properly refused.—*Christian v. State,* 133 Ala. 109; *McKleroyRoy v. State,* 120 Ala. 274.

PELHAM, J.—The judgment entry shows that the jury was drawn in open court, and that the order setting the case, fixing and drawing the venire, and arraigning the defendant is in strict compliance with the law. The fact that it was made to appear, on a motion to quash the venire, that on the list served on the defendant one of the jurors drawn to serve on the special

venire was the same person as one of the regular jurors drawn and summoned for the week the case was set for trial was not a sufficient ground upon which to grant the motion to quash the venire under the present jury law. No more so than if there was no such person, or that the juror drawn on the special venire had been disqualified from serving on the jury to try the defendant for any other reason, as for instance had he been related to the parties within the degree that disqualifies, or a member of the grand jury that found the indictment, or because there had been a mistake in the name of the person summoned, so long as the number of jurors was not reduced below the number required by law in the trial of capital cases.—Acts 1909, p. 305 et seq.; *Savage v. State,* 174 Ala. 94, 57 South. 469; *Sims v. State,* 176 18, 58 South. 379, opinion on rehearing; *Gibbs v. State,* 7 Ala. App. 30, 60 South. 999; *Costello v. State,* 176 Ala. 1, 58 South. 202; *Perry v. State,* 177 Ala. 1, 59 South. 150; *Johnson v. State,* 5 Ala. App. 43, 59 South. 708; *Lewis v. State,* 64 South. 537.

Whether or not the deceased was drinking or drunk at the time he fell out of the wagon at a time several months after he was shot by the defendant, and three or four weeks before his death, was no part of the res gestae and could have no possible tendency to prove or disprove any issue before the court, and there was no error in refusing to allow the defendant to make proof of such fact, if it was a fact.

The three charges given at the instance of the state, state correct propositions of law, as applied to the evidence in the case, and no error resulted from the court's having given them in charge to the jury. It needs no discussion to show that the first charge, stating the familiar proposition that there must be a unanimity as the basis for the rendition of a verdict, is correct. He

who evinces a willingness to enter the conflict, or, as predicated in the second charge, "enters the fight willingly," is held to have produced the necessity of slaying his adversary and cannot invoke self-defense.—*Stallworth v. State,* 146 Ala. 8, 41 South. 184. Charge 3 is a correct statement of the law.—*Parham v. State,* 147 Ala. 57, 42 South. 1; *Gregory v. State,* 148 Ala. 566, 42 South. 829.

Charge No. 2, refused to the defendant, is faulty in failing to predicate that the killing was in a sudden rencounter or affray (Code, § 7086), and is misleading in that the defendant must not only not have been the assailant (the aggressor) and provoked the difficulty, but must have been entirely free from fault in having brought it on (*Smith v. State,* 142 Ala. 14, 39 South. 329) notwithstanding the use of the word "assailant" in the statute. The charge as part of its predicate improperly requires the state to prove that the deceased did not know that the defendant had the pistol when the fight commenced, hypothesizing a fact, too, of which there was no evidence (*Lewis v. State,* 178 Ala. 10, 59 South. 577) and raising a question which was not an issue on the trial (*Washington v. State,* 155 Ala. 2, 46 South. 778). The charge is also misleading in not stating the conditions under which the state is required to prove freedom from fault.—*Crumpton v. State,* 167 Ala. 4, 52 South. 605.

Refused charge No. 3 directed the attention of the jury to a particular phase of the testimony of the witness and instructed them to weigh the evidence on that subject (*Coates v. State,* 1 Ala. App. 35, 56 South. 6) and a charge which singles out a particular feature of the evidence is properly refused.—*Savage v. State,* 174 Ala. 94, 57 South. 469; *Parris v. State,* 175 Ala. 1, 57 South. 857.

[Brown v. The State.]

Other charges refused to the defendant are palpably bad or are fully covered by the 57 charges given at his request.

We have examined the rather voluminous, but well prepared, record and find no reversible error or other question presented that we deem of sufficient merit to necessitate discussion.

Affirmed.