(75 South. 718)

NORRIS v. STATE. (6 Div. 151.)

(Court of Appeals of Alabama. May 8, 1917. On Rehearing, June 5, 1917.)

1. CRIMINAL LAW &#x26af;631(6)—SERVICE OF JURY LIST—QUASHING VENIRE—GROUNDS.

That one of the jurors drawn was not on the list served on defendant was not sufficient

ground for quashing venire, where the record showed that such juror was not summoned.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1441.]

2. HOMICIDE ☞308(3)—PROVOKING DIFFICULTY—INSTRUCTION.

Where the evidence of the state tended to show that accused was armed with a deadly weapon and was the assailant, an instruction substantially in the language of Code 1907, § 7086, that if accused was assailant and shot deceased in a sudden encounter with a pistol concealed before commencement of the fight, and deceased had no deadly weapon, the killing cannot be less than murder in the second degree, was proper.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 644.]

3. HOMICIDE ☞300(7)—PROVOKING DIFFICULTY—INSTRUCTION.

Where the evidence tended to show that accused was the assailant, an instruction that one who provokes a difficulty out of which arises a necessity to take the life of another to preserve his own cannot invoke the doctrine of self-defense to justify the homicide he commits was proper.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 622.]

4. HOMICIDE ☞169(3)—EVIDENCE—ADMISSIBILITY—QUARREL WITH THIRD PARTY.

Evidence that immediately preceding the killing accused had a quarrel with a third party in an affray was competent.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 343.]

5. HOMICIDE ☞116(4)—SELF-DEFENSE—REASONABLE BELIEF OF DANGER.

To justify a killing in self-defense it must appear to a reasonable man, not necessarily defendant, that there was ground for accused to believe, and that he did believe, that he was in danger of great bodily injury, and that there was no safe mode of retreat.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 161.]

6. CRIMINAL LAW ☞829(1)—REFUSAL OF INSTRUCTION—INSTRUCTION ALREADY GIVEN.

It was not error to refuse an instruction on a point correctly covered by the general charge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011.]

7. WITNESSES ☞287(4)—CROSS-EXAMINATION—BRINGING OUT ENTIRE CONVERSATION.

Where the accused had brought out a part of a conversation on the cross-examination, the state could bring out the entire conversation.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1002.]

8. CRIMINAL LAW ☞1170(3)—HARMLESS ERROR—ERRONEOUS RULINGS ON EVIDENCE.

Erroneous rulings on admission of evidence were not error, where accused afterwards elicited the testimony which he first sought to obtain.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3147.]

9. HOMICIDE ☞203(3)—DYING DECLARATIONS.

Statement of victim, "You have shot me, you have killed me," made shortly after shooting and while he was getting mighty weak, showed sense of impending death and made admissible his dying declaration.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 432.]

10. WITNESSES ☞274(2) — CHARACTER WITNESSES—CROSS-EXAMINATION.

On cross-examination of character witnesses it is permissible for opposing counsel to ask questions whether he has heard certain things affecting character of person inquired about for the purpose of testing his knowledge of character.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 966.]

11. CRIMINAL LAW ☞1186(4)—APPEAL AND ERROR—HARMLESS ERROR.

Errors which do not affect the substantial rights of the parties will not be considered in view of Supreme Court rule 45 (175 Ala. xxi, 61 South. ix).

12. CRIMINAL LAW ☞713—ARGUMENT AND CONDUCT OF COUNSEL.

That solicitor, in his argument to the jury, stated that, if defendant is convicted, he can appeal, was not error, being a statement of law, and not of evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1663, 1678.]

On Rehearing.

13. CRIMINAL LAW ☞676—APPEAL AND ERROR—EXCLUSION OF EVIDENCE—REVERSIBLE ERROR.

Although the state had examined 13 witnesses on character, and the accused 8, exclusion of the testimony of another character witness for defendant was not reversible error; as the addition of one witness' testimony would not establish good character.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1608.]

14. WITNESSES ☞337(2) — IMPEACHING DEFENDANT—GENERAL BAD CHARACTER.

Where defendant had testified in his own behalf, his testimony could be impeached by showing general bad character.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1113.]

15. CRIMINAL LAW ☞673(3)—IMPEACHMENT OF DEFENDANT—LIMITING EFFECT OF EVIDENCE.

Where accused had testified in his own behalf and produced witness as to his good character, it was not error, in the absence of a request, not to limit impeaching testimony to accused's impeachment as a witness.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1875.]

Appeal from Law and Equity Court, Walker County; T. L. Sowell, Judge.

Tony Norris was convicted of murder in the second degree, and he appeals. Affirmed.

Gray & Wiggins and C. D. Shepherd, all of Jasper, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] On the trial the defendant moved the court to quash the venire because the name of one of the jurors drawn and summoned for the week was not in the list served on the defendant. The record shows that this juror was not summoned, and therefore it was not proper to have included his name on the list furnished the defendant. Jones v. State, ante, p. 7, 74 South. 843; Hooten v. State, 9 Ala. App. 9, 64 South. 200.

[2] The testimony for the state tended to show that the homicide was committed in a sudden rencounter; that the defendant was the assailant; that the defendant was armed with a deadly weapon when he entered

into the difficulty. At the request of the state, the court gave this charge:

"If the jury believe from the evidence beyond a reasonable doubt that Tony Norris shot Wiley Dodd in this county at the time and place shown by the evidence, in a sudden rencounter or affray, that Norris was the assailant, that the shooting was done with a pistol which was concealed before the commencement of the fight, and that Wiley Dodd had no deadly weapon drawn, then such killing cannot be less than murder in the second degree."

The giving of this charge was not error. Code 1907, § 7086; Scoggins v. State, 120 Ala. 369, 25 South. 180. The charge was not abstract, but was borne out by the tendencies of the evidence for the state.

[3] Charge C, given at the instance of the state, as follows:

"One who provokes a difficulty, who by his own wrong contributes to a situation out of which arises a necessity to take the life of another to preserve his own, cannot invoke the doctrine of self-defense to justify the homicide he commits in such difficulty; cannot plead a necessity to kill which arose from his own wrong"

—is without error and asserts a correct proposition of law.

[4] It was in evidence that immediately preceding the killing, and so close to it as to be a part of the res gestæ, there was a quarrel going on between Wideman and the defendant, and therefore the court did not err in refusing charges to the effect that the jury could not consider that testimony. It was competent evidence for any purpose. This applies to charge 3.

[5] Charges 8 and 13 as follows:

"The court charges the jury that, if they believe that the circumstances and surroundings attending the defendant at the time he fired the shot were such as to create in his mind a reasonable belief that he was in danger of losing his life or of suffering great bodily harm, and there was no reasonable way for him to escape in safety, then the burden is on the state to prove beyond all reasonable doubt that he was not free from fault in commencing the difficulty with the deceased; and the court charges the jury that the fact alone that the defendant had engaged in a quarrel with one Luther Wideman is not sufficient to show that he was at fault in bringing on a difficulty with the deceased," and, "I charge you, gentlemen of the jury, if you believe that Tony Norris was assailed by more than one person, and that it reasonably appeared to him that they were present acting together to take his life or do him serious bodily harm, and there was no reasonable and safe mode of retreat, then Tony Norris had a right to act upon the hostile demonstrations of either of them and to kill either of them"

—are bad, among other reasons, because the rule is that the facts should create in the mind of a reasonable man, not in the mind of the defendant—and the defendant must entertain such honest belief—the apprehension, etc. For aught we know, defendant might not have had a reasonable mind.

Charge No. 9 in the following words:

"I charge you that, if the defendant has proved a good character as a man of peace, the law says that such good character may be sufficient to create or generate a reasonable doubt of his guilt, although no such doubt would have existed but for such good character"

—was covered in the court's general charge to the jury. The learned judge writing the opinion in the Fields' Case, 47 Ala. 608, 609 (11 Am. Rep. 771), says:

"I do not say the evidence of good character should have created a reasonable doubt in the minds of the jurors in this case, when considered in connection with the other evidence. But, as the law permits evidence of good character in criminal cases, it certainly intends it for the consideration of the jury, and it is for the jury alone to determine whether, when considered with the other evidence, it does or does not create a reasonable doubt as to the defendant's guilt."

[6] The court in its general charge correctly instructed the jury to this point, and the refusal of the charge was not error. 6 Mayf. Dig. 109, § 125.

The testimony objected to by the defendant on pages 15, 17, 19, 27, and 30 of the transcript was all so closely related to the difficulty as to be a part of the res gestæ, and the court did not err in overruling the defendant's objections.

[7] The defendant having brought out a part of a conversation on the cross-examination of the witness Andy Norris, the state could bring out the entire conversation, and the court did not err in permitting the state to do this. Gibson v. State, 91 Ala. 64, 9 South. 171.

The defendant on cross-examination asked the witness Miskelley this question:

"Then you and he went over the situation and what you know about it?"

Objection was made and sustained to this question. Immediately following the defendant asked the following question:

"If at that time and place you, in the presence of the other witness and Wideman and Barton, didn't go over what happened down there."

No objection was made to this, and the witness answered it without objection. This cured any possible error that there might have been in refusing to allow the first question.

[8] Allowing the broadest latitude for cross-examination, erroneous rulings on evidence are not prejudicial where the defendant afterwards elicits the testimony which he first sought to obtain. Sears v. State, 10 Ala. App. 76, 65 South. 300.

[9] The court did not err in admitting the dying statement of the boy. If there was ever a case where the dying man was impressed with the sense of impending death, this is one. He is shown to have said, "You have shot me; you have killed me;" shortly afterwards that he had rather die at home than in Birmingham. Shortly after this, and while he was getting mighty weak, he made the statement.

The defendant having had the benefit of the testimony of eight witnesses as to his character for peace and quietude, it is the opinion of this court that the exclusion of the testimony of the witness Gilliland as to character did not probably injuriously affect any substantial rights of the defendant. Rule

45, Supreme Court, 175 Ala. xxi, 61 South. ix.

[10] On cross-examination of character witnesses it is permissible for the opposing counsel to ask questions as to whether the witness has heard certain things affecting the character of the person inquired about for the purpose of testing his knowledge of character; and hence the court did not err in its several rulings on the evidence permitting this.

[11] There were numerous other objections and exceptions to the introduction and exclusion of the evidence which we have carefully considered, and in the opinion of the court, from an examination of the entire cause, whatever of error there might have been did not probably affect the substantial rights of the parties. Rule 45, Supreme Court, supra.

[12] The solicitor in his argument to the jury stated that, if the defendant is convicted, he could appeal, to which exception was reserved. There was no error in this statement; it was a statement of law, and not of evidence.

The part of the oral charge to which exception was reserved was not error. The same principle involved in this charge has already been passed on in this case, and is covered by section 7086 of the Code.

There can be no doubt, from the evidence in this case, that the difficulty resulting in the death of Wiley Dodd was sudden and had not been planned. The evidence for the state tended to show that it was caused by the defendant, that he was the assailant, and that he used a deadly weapon, which was concealed before the commencement of the fight, and that the deceased had no deadly weapon drawn. The foregoing is a construction of the state's evidence most favorable to the defendant; and, based upon it, the charge given was not error. It is true that the evidence for the state tended to prove a willful and deliberate murder. If that is true, the charge was favorable to the defendant.

Section 7086 of the Code means something. It means that a man cannot, by a violation of the law against carrying concealed weapons, take advantage of an adversary in a sudden encounter by being secretly armed, assail him, and then claim a lower degree of homicide than murder. The lawmakers have been enacting statutes for the preservation of the lives of the citizens ever since the organization of our state government; and it is the duty of the courts to give the fullest effect and force to all of them. Until we do we may expect the "carnival of manslaughter to continue," and the peace and dignity of the state to be flouted.

There is no error in the record, and the judgment of the lower court is affirmed.

Affirmed.

On Rehearing.

There is ample evidence in the record to sustain the theory that the killing of Dodd was in a sudden rencounter, and that the defendant was the assailant, which question was submitted to the jury. We have examined the authorities cited in brief, and see no reason for changing the conclusions already reached.

[13] It is earnestly insisted by appellant's counsel in brief on rehearing that this case should be reversed because of the improper exclusion of the testimony of the witness Gilliland, and that, as the state had examined thirteen witnesses on character, and the defendant was left with only eight, the exclusion of this testimony could but be injurious. While character is an evidential fact, its establishment does not depend upon the number of witnesses who testify to it. If it could not be established by eight, the addition of one or two more who testify to the same facts certainly would not establish it.

[14, 15] Our attention is also called to the action of the court in overruling defendant's objection to a question asked Farris as to the general character of the defendant, without limiting the answer as to time, and in overruling the motion of the defendant to exclude the testimony of Jim Barton, where he says, in answer to a question as to the general character of defendant, "For the last 12 months his reputation hasn't been so good." The defendant moved to exclude this, on the ground that it was irrelevant, incompetent and illegal; is not the way to prove character and general reputation. The defendant having testified in his own behalf, the credibility of his testimony may be impeached, like that of any other witness, by showing his general bad character. Where the character of the defendant in both respects is made an issue, the impeaching evidence, when requested by the defendant, should be limited by the court to his impeachment as a witness. This was not asked in this case, and the court did not err in overruling the motion as made. Mitchell v. State, 14 Ala. App. 46, 70 South. 991; Smith v. State (Sup.) 72 South. 316.[1] In the latter case Mr. Justice Thomas has collated the authorities on this point.

The original opinion is modified and extended, and the application overruled.