(85 South. 39)

WILLIAMS v. STATE. (6 Div. 658.)

(Court of Appeals of Alabama. Jan. 13, 1920.)

1. CRIMINAL LAW ☞1166½(5)—IRREGULAR ORDER FOR SPECIAL VENIRE IN MURDER CASE HELD NOT PREJUDICIAL.

In a prosecution for murder, where the court ordered 36 persons to be drawn, who, together with the regular jurors "drawn and summoned for the second week of this term," were to constitute the venire, irregularity or informality in the order *held* not prejudicial, defendant having a list of 80 persons from which to select the jury, and the statute requiring a venire of not less than 50 nor more than 100 persons.

2. CRIMINAL LAW ☞829(1) — INSTRUCTION SUBSTANTIALLY COVERED PROPERLY REFUSED.

Refusal of charges requested by defendant in a murder case *held* not error where fairly and substantially covered by other instructions.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Felix Williams was convicted of murder in the second degree, and he appeals. Affirmed.

F. E. St. John, of Cullman, for appellant.

The venire should have been quashed. Acts 1909, p. 318; 15 Ala. App. 304, 73 South. 141; 171 Ala. 38, 55 South. 118; 172 Ala. 418, 55 South. 601; 185 Ala. 20, 64 South. 80. Counsel discuss charges 27 and 29, but without citation of authority.

J. Q. Smith, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

The order complained of was a sufficient compliance with the statute. 185 Ala. 24, 64 South. 80; 176 Ala. 1, 58 South. 202; 5 Ala. App. 43, 59 South. 708. The charges complained of were fully covered by charges given.

BRICKEN, P. J. Felix Williams, the defendant, was indicted for murder in the first degree, the indictment charging that he unlawfully and with malice aforethought killed Lommie Florence, by shooting him with a gun, etc. He was tried upon this indictment, and was convicted of the offense of murder in the second degree; the jury fixing his punishment at imprisonment in the penitentiary for a term of ten years. From this judgment the defendant appeals to this court, and insists that the order of the court fixing the number of the special venire is insufficient, because it did not in specific words designate the exact number of jurors to constitute the venire for the trial of this case. The order made and entered by the court at the time the defendant was arraigned and pleaded to the indictment, so far as it relates to this question, is as follows:

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"It is further ordered by the court that 36 persons, duly qualified as jurors, be now drawn in open court, by the judge presiding, in the presence of the defendant, who, together with the regular jurors drawn and summoned for the second week of this term of this court, shall constitute the venire from which a jury shall be selected to try the defendant. It is further ordered that the sheriff be commanded to summon said 36 special jurors, together with the jurors drawn and summoned for the second week of this court, to appear in court on the day set for defendant's trial, and to serve forthwith on the defendant a list of the names of said special jurors, and of those regular jurors summoned for the week in which the trial is set, together with a copy of the indictment found against defendant."

The order of the court is not in strict compliance with the requirements of the statute, in that it fails to show how many regular jurors were drawn, and summoned for the second week of the court, and further the order does not designate in specific words the number of jurors which were to constitute the jury to try this case. However, it does appear from the record that at the time the order was made by the court fixing the number of the special venire the return of the sheriff showing the number of jurors drawn and summoned, 44 for the week in which the defendant was to be tried, was on file with the clerk, and that the number so drawn and summoned was known both to the defendant and his counsel. This number, 44, regular jurors drawn and summoned for the week, together with the 36 special jurors drawn by the court in this case, made a total of 80 persons to constitute the venire to try this case, and the list of the special jurors, and of those regular jurors drawn and summoned for the week containing the aforesaid number of 80 names, was, together with a true copy of the indictment, served forthwith upon the defendant, in compliance with the order of the court.

[1] The purpose of the statute is to secure to a defendant charged with a capital offense a venire of not less than 50 nor more than 100 persons from which to select a jury. In the case at bar the defendant had a list composed of the names of 80 persons from which to select the jury to try his case, and, notwithstanding the irregularity or informality of the order of the court in this connection, we are of the opinion that no injury could possibly have resulted from the failure of the court to conform strictly to the requirements of the statute in entering this order. Under the order as entered the defendant got all that he was entitled to under the statute. Our conclusions in this connection are sustained in the following cases: Waldrop v. State, 185 Ala. 24, 64 South. 80.; Costello v. State, 176 Ala. 1, 58 South. 202; Johnson v. State, 5 Ala. App. 43, 59 South. 708.

In Waldrop v. State, supra, the Supreme Court held that it was not necessary for the order of the court to say in exact words that the number fixed was so many, but it was sufficient if the number was fixed by the force of the terms of the order.

In the Waldrop Case, as well as in the cases of Costello v. State, supra, and Johnson v. State, supra, the orders of the court seem to appear almost identical to the order entered in this case.

[2] Charges 27 and 29 refused to defendant, and here insisted upon as being error, were fairly and substantially covered by given charge number 2, as well as by the oral charge of the court; hence their refusal was without error.

The judgment of the circuit court is affirmed.

Affirmed.